JOHN CANNELL v. PIERRE MICHEL.

6 577
51 386

To support an action for a malicious prosecution, both the want of probable cause, and malice, must be proved; but the malice may be inferred from the entire want of probable cause. The wanton and causeless injury of an individual is in itself a malicious act.

APPEAL from the District Court of Jefferson, *Clark*, J. *P. S. Warfield*, for plaintiff. *Stockton* and *Steele*, for defendant. The judgment of the court was pronounced by

PRESTON, J. One *McMillen* contracted with the defendant to build him a house in the city of Lafayette. The work was to be paid for in five installments. A cistern was to be furnished, as part of the work to be done, to entitle the builder to payment of the fourth installment.

*McMillen* engaged *Cannell* to make and put up the cistern for fifty dollars. He was to receive an order from *McMillen*, the builder, on *Michel*, the owner of the property, for the price of the cistern; and it is proved by *McMillen*, that it was agreed that if the order was not paid, he was entitled to take back the cistern.

He executed the work. The order was not paid by *Michel*, and he took down and carried away the cistern. *Michel* prosecuted him for larceny. He was discharged from the accusation, by the justice of the peace, and brings this suit for damages, alleging, that the charge was false and malicious.

We think he is entitled to damages. The house had not been finished or delivered by *McMillen*, the contractor. No part of the work was yet in the possession of *Michel*. The cistern was a distinct job, which the plaintiff contracted to execute, in consideration of being paid on its delivery to *McMillen*. He did not insist on detaining or taking away the cistern, if paid for. Neither *Michel* nor *McMillen* had any right to detain, except on payment of the order given for its price. The order on the defendant, for the price of the cistern, indicated that its delivery and the payment of the price was to be simultaneous. The non-payment of the order, the failure of *McMillen*, and his consent, rendered it reasonable that the plaintiff should take away the cistern, in pursuance of his agreement with *McMillen*, and not subject himself to a partial payment after a law-suit. He informed the defendant, that it was his intention to do so, if the order was not paid. There was nothing in the conduct of the plaintiff which indicated the felonious intention with which he was charged. The defendant saw, and knew, that the plaintiff claimed the cistern as his own property, and as a matter of right, until it was paid for. And in this he was right. The vessel belonged to him, in law and by contract, until it was paid for. There was no pretence, that the property belonged to *Michel*. It was to become his only on condition of his paying for it. The plaintiff did not file with him an attested account, for the purpose of obtaining payment, if possible, out of the building contract; but an order on him for the payment.

If the defendant really believed he had any claim to the cistern, he could as easily have sued for and sequestered it, as to have caused the arrest of the plaintiff for a larceny, of which the case did not present a single feature. The use of criminal process to enforce a civil claim, is an intolerable abuse, even when the claim exists. But if the claim is unfounded, it shows a recklessness of the rights and character of others which amounts to malice.

It is true, as contended, that to support an action for damages for a malicious prosecution, both the want of probable cause for the prosecution, and malice, must be proved. But the malice may be inferred from the entire want of probable cause. The wanton and causeless injury of an individual is in itself a malicious act.

The criminal proceedings instituted by the defendant against the plaintiff, were so entirely without cause that they were malicious.

The judgment of the district court is therefore affirmed, with costs.