ST. PAUL, J.
 

 This is an action for damages for alleged malicious prosecution; plaintiffs having been charged by defendants with having stolen their cattle, and having been acquitted of said charge. The defense is that there was “probable cause” for said charge.
 

 I.
 

 The circumstances under which said charge was made were as follows:
 

 Defendants had placed in charge of two negro farmers eight head of cattle, including three calves which were less than four months old on January 2, 1922.
 

 On that day the negroes came to defendants and informed them that plaintiffs had come to their place and driven off the cattle, although notified that said eight head of cattle belonged to defendants and not to the negroes (against whom said plaintiffs had a claim for debt).
 

 Upon investigation, defendants found that said eight head of cattle had been driven out of the parish, and learned by accident that the cattle had been placed in an out-of-the-way pasture in an adjoining parish; that the brands upon said cattle had been hurriedly changed and the brand of one of said plaintiffs put upon the cattle in place of defendants’ brand.
 

 When defendants inquired of plaintiffs why all this had been done, one of said plaintiffs claimed the right to hold said cattle under a chattel mortgage given him by said negroes. Defendants then found that no such chattel mortgage had been recorded (as required by law) until after the cattle had been removed. Plaintiffs then claimed that the reason why said mortgage had not been recorded sooner was that their attorney had been given said mortgage to have it recorded, but had neglected to have it done. But defendants found that this was not true; that said attorney had never even seen said mortgage.
 

 Furthermore, on examination of said chattel mortgage, supposed to have been passed in March, 1921, to secure a note maturing in September, 1921, it was found that the notary before whom said mortgage was supposed to have been executed had not been appointed a notary until November, 1921; and that said- mortgage described in detail the three calves which had not been bom until more than six months after the supposed date of the mortgage.
 

 Two justices of the peace advised defendants that plaintiffs should be charged with the theft of the cattle. This was done; and also civil proceedings were begun for the recovery of the cattle. In the civil proceedings the cattle were duly recovered. In the criminal proceedings no arrests were made; but the justice before whom the charge was
 
 *55
 
 made returned the affidavit to the district court according to law, and the grand jury investigated the matter and indicted plaintiffs. Afterwards a petit jury acquitted them.
 

 II.
 

 This is the gist of the 290 pages of testimony, so far as it relates to the question of “prohable cause.”
 

 The trial judge thought, and so do we, that the defendants had shown sufficient probable cause for their action.
 

 The term “probable cause,” as used with reference to an action for malicious prosecution, means a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a prudent and cautious man to believe that the accused is guilty of the offense with which he is charged. Glisson v. Biggio et al., 139 La. 23, 71 So. 204.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.