(128 So. 513)

**CHRISTIAN v. LEOPOLD et al.**

No. 30395.

May 5, 1930.

Lee & Williams, of Mansfield, for appellant.

Craig, Bolin & Magee, of Mansfield, for appellees.

BRUNOT, J.

This is a suit for damages for an alleged false arrest and malicious prosecution. Other issues were raised, but they were finally adjudged and have passed out of the case. There was judgment rejecting the plaintiff's demand for damages, and he appealed.

The defendants are Dr. Joseph L. Leopold, the Mansfield Motor Company, Inc., and Paul G. Bell, the president of that company.

■ The question presented is primarily one of fact, for the reason that, before recovery can be had in suits of this kind, the plaintiff must prove four things, viz.: The prosecution and its termination; the identity of the prose-

cutor; that the prosecution was actuated by malice or without probable cause; and that the prosecution has damaged the plaintiff. The prosecution and its termination, and the identity of the prosecutors is admitted.

■ The record discloses that plaintiff made no attempt to prove malice. He contends that the proof shows that there was no probable cause for the prosecution, and that malice may be inferred from the want of such cause. It is the accepted rule that malice will be presumed if probable cause for the prosecution is not shown. When the prosecution and its termination, and the identity of the prosecutor, is established, the burden of proof is shifted to the defendant to show that probable cause for the prosecution existed. This is a defense which must be sustained by proof.

The facts of the case are that on June 25, 1918, plaintiff purchased an automobile from the Mansfield Motor Company, Inc., and gave that company his personal check on the Bank of Grand Cane for $148.19, in part payment of the purchase price of the car. The car was delivered to the plaintiff, the check was presented at the bank for payment, payment was refused, and the check was returned to the payee with the bank's "N. S. F." notation thereon. Plaintiff was promptly notified of the nonpayment of the check. He then asked for further time, stating that he had applied to the American National Bank for a loan. That bank, at a later date, refused to make the loan, and plaintiff then applied to Dr. Joseph L. Leopold. On July 11, 1928, Dr. Leopold called at the office of the Mansfield Motor Company, Inc., and contingently deposited with Mr. Bell, the president of the company, $148.19, with instructions to Mr. Bell to hold the amount until the Mansfield Motor Company had exhausted every effort

to make the collection from the plaintiff and had failed to do so. On August 1, 1928, the Mansfield Motor Company sent to the plaintiff the following registered letter: "We still have your check for $148.19 and since we believe we have given you ample time to redeem this check we are sending you this registered letter as required by law. If after ten days has elapsed you have not redeemed the check we intend to take whatever course the law leaves open to us."

Plaintiff appears to have ignored this notice. After the time limit for redeeming the check had expired, Mr. Bell notified Dr. Leopold of his failure to collect from the plaintiff and asked Dr. Leopold if he wanted the plaintiff arrested. Upon the advice of an attorney Dr. Leopold answered in the affirmative, and Mr. Bell thereupon swore out an affidavit charging the plaintiff with issuing a check upon a bank in which he knew he had no funds. The arrest followed and plaintiff was released on bond.

It is shown that while the plaintiff's application to the American National Bank for a loan was pending, Dr. Leopold had verbally assured the president of the Mansfield Motor Company, Inc., that the plaintiff would redeem the check they held as soon as that loan was available, and, feeling that this assurance morally bound him to secure the Mansfield Motor Company, Inc., from any loss it might eventually sustain by reason of his said assurance and the deferring of criminal proceedings as a result of it, Dr. Leopold made the conditional deposit, as stated. By this transaction Dr. Leopold merely became the conditional guarantor of the plaintiff for the amount of the check, the guaranty being enforceable only upon the condition that the Mansfield Motor Company, Inc., would first exhaust every legal means available to it to collect the amount of the check from the plaintiff.

 It is shown that when plaintiff delivered the check to the Mansfield Motor Company, Inc., he knew that he had no funds to meet it in the Bank of Grand Cane, and at no time since the issuance of the check has he deposited the sum of the check in that bank. It is shown that the defendants acted upon the advice of reputable counsel, and the court is warranted in assuming that his advice was honestly given. There is nothing in the record to indicate that his advice was not honestly sought, or that it was not acted upon by the defendants in good faith. We need not review all of the testimony on this point, as it is more or less cumulative. The trial judge evidently found as a fact that defendants acted without malice and with probable cause, and the testimony convinces us that his finding of fact is correct. This conclusion disposes of the case.

For the reasons stated the judgment appealed from is affirmed, at appellant's cost.