(128 So. 661)

**BLADG v. GIACOMINO.**
No. 30402.

May 5, 1930.

Daly & Hamlin, of New Orleans, for appellant.

Jas. G. Schillin, of New Orleans, for appellee.

LAND, J.

This is a suit for damages in the sum of $2,690 for the unlawful arrest and malicious prosecution of plaintiff by defendant, on a charge of embezzlement of a wooden store counter.

Plaintiff was prosecuted under an information filed by the assistant district attorney in the criminal district court for the parish of Orleans and was acquitted.

Plaintiff alleges that the prosecution was initiated against him on the complaint and at the solicitation of the defendant, and that defendant acted with malice and without probable cause in making the charge.

Judgment was rendered in the lower court in favor of plaintiff in the sum of $560, with legal interest from judicial demand, and for all cost.

From this judgment defendant has appealed.

Plaintiff has answered the appeal and prays for an amendment of the judgment by increasing the amount of the damages to $1,000.

Defendant avers that he acted with probable cause and without malice in making the affidavit upon which the prosecution and information were based, and was guided by the

instructions of the prosecuting officer in making said charge, after defendant had made a full and fair statement of the facts of the case to the prosecuting officer.

The plaintiff was a tenant of the defendant and operated a soft drink stand in the place rented.

Defendant states positively in his testimony that he canceled the lease and consented for plaintiff to vacate the premises.

Plaintiff left the premises and took with him a counter which he claimed to own. The counter was moved in broad daylight, with the assistance of a negro drayman.

Thereafter, defendant called at the new place of business of the plaintiff and demanded the return of the counter as his property, and, upon the refusal of plaintiff to deliver it, caused his arrest on a charge of embezzlement.

The assistant district attorney testified that defendant came to his office and stated that he had bought a counter from a tenant of his, and, after he had bought the counter, it had remained in the possession of the tenant, and, after the tenant had moved out, he had taken the counter with him and would not give it back.

The assistant district attorney further testified that he asked the cost of the counter, and that defendant stated that it was $10.

It was upon this statement of the facts of the case, made by defendant, that the prosecuting officer advised the charge of embezzlement.

Defendant testified, however, on the trial of this case, that plaintiff owed him some money for rent, and agreed that defendant could have the counter as a credit of $10 on the rent.

But plaintiff denied on the witness stand that he had made any such agreement with defendant, and stated that defendant owed him some money, when plaintiff left the leased premises, and that he could not collect same from defendant.

Ulmo, a witness for defendant, also testified that he had heard a conversation between plaintiff and defendant, in which plaintiff had said: "Giac, you want to buy the counter?"

Defendant said: "No, that is my counter. You owe me rent and I will keep the counter on the rent."

Defendant's own witness corroborates the testimony of plaintiff, and shows that plaintiff did not sell the counter to defendant, or agree that defendant should have the counter in lieu of rent.

Plaintiff had bought the counter and brought it with him to the leased premises. This is not denied by the defendant.

That a landlord does not acquire the ownership of movables in the leased premises, merely because the tenant may owe rent, and the landlord may have a privilege and right of pledge on the property of the tenant, is too well settled for discussion. No reasonable man could believe otherwise. Nor could a reasonable man believe that the removal by a tenant of his effects from the leased premises, after the termination of a lease, constituted either larceny or embezzlement.

Courts cannot inflict damages on a party for resorting in good faith to law for the protection of his rights. Girot v. Graham, 41 La. Ann. 511, 6 So. 815; Brelet v. Mullen, 44 La. Ann. 199, 10 So. 865.

But the circumstance that advice of counsel was obtained before making the charge will be no shield, when it does not

appear that a full disclosure of all the facts tending to show an honest belief, based on probable and reasonable cause, has been made at the time of consultation. Cointement v. Cropper, 41 La. Ann. 303, 6 So. 127.

The fact that defendant, in a suit for damages for malicious prosecution, acted under advice of counsel, is of no excuse if the advice was given upon his misrepresentation of the circumstances of the case. Decoux v. Lieux, 33 La. Ann. 392.

In our opinion, the defendant misrepresented the facts to the assistant district attorney at the time the affidavit was made in this case.

The defendant therefore did not seek the advice of that officer in good faith. He had no reasonable ground of belief, supported by circumstances sufficiently strong to warrant a cautious man in believing, that the accused, the plaintiff, was guilty of the offense charged.

Defendant well knew that he did not own the counter, which he charged plaintiff with embezzling. He acted, therefore, without probable cause in making the affidavit against plaintiff.

The wanton and causeless injury of an individual is in itself a malicious act. Besides, it is well settled that malice may be inferred from a total want of probable cause.

The claim of defendant to the ownership of the counter in this case was unfounded, and the arrest and prosecution of plaintiff for embezzlement by defendant show a recklessness of the rights of others which amounts to malice. Cannell v. Michel, 6 La. Ann. 577.

Our conclusion is that plaintiff has proven with sufficient certainty want of probable cause for the prosecution against him, and malice on the part of the defendant.

We do not find any good reason for increasing the amount of damages awarded in the lower court.

Judgment affirmed.