ROGERS, Justice
 

 (dissenting).
 

 I think the judgment of the district court should be affirmed.
 

 The recognized rule that advice of counsel, particularly of a public prosecutor, will serve as a defense to an action for damages for malicious prosecution,' is subject to the equally well-recognized exception that such advice must be based upon a full disclosure of all facts, made after reasonable diligence to ascertain them and acted upon honestly and in good faith. Mullen v. Gause, 161 La. 461, 109 So. 31;
 
 *356
 
 Buchert v. Schumacher, 166 La. 111, 116 So. 718.
 

 Advice of counsel in certain cases, under certain circumstances, gives a qualified protection to their clients in cases of torts, but not to the extent of enabling them to escape liability, though client and counsel are negligent or indifferent to consequences. Lange v. Illinois C. R. R. Co., 107 La. 687, 31 So. 1003, 1004.
 

 In applying these legal principles to the case, I have reached the conclusion that it falls within the exception rather than within the general rule.
 

 As I appreciate them, the facts, as shown by the record, are that the defendant insurance company issued its policy on the life of Elisker Niles and in the space provided for the insertion of the name of the beneficiary, the name of Amos Niles, husband, appears written in ink. Immediately over this, written in lead pencil, appears the word “sister.” In the space set apart for the designation of the relationship of the beneficiary to the assured appears the name, “Annie Jacobs,” also written in lead pencil over the word “husband.” Annie Jacobs and Annie Jacobs Eusant is one and the same person.
 

 On the death of the insured Elisker Niles, plaintiff, through her attorney, made demand upon the insurance company for payment of the indemnity under the policy, and upon her claim being denied, filed suit on the policy in the First City Court of New Orleans. The petition in that case apparently was sworn to by Annie Jacobs Eusant, who signed the affidavit by making her mark. Subsequent to the filing of the suit, the policy, with the alteration or endorsement thereon and specimens of handwriting of plaintiff’s attorney were submitted by defendant to a non-resident handwriting expert. This expert reported that the endorsement on the policy and the handwriting of the attorney was one and the same.
 

 After receiving this report, oil advice of its counsel, defendant, through its proper officer, referred the report and the other documents above mentioned to the office of the district attorney, resulting in the filing of an affidavit against Annie Jacobs and her attorney, charging them with having forged the endorsement, “sister, Annie Jacobs,” written in lead pencil on the policy. Plaintiff was arrested and lodged in jail on the morning her case was fixed for trial in the First City Court, having been pointed out in the courtroom to the arresting officer by the attorney for the insurance company. She remained in jail for a period of forty-eight hours when she was released on bond of $250. Thereafter she was arraigned on the charge and pleaded not guilty, and later the charge was nolle prosequied by the district attorney. This was done because of lack of evidence against plaintiff.
 

 The record shows that plaintiff was an ignorant, country negro woman 71 years of age, living at Darrow, Louisiana, and that she was unable to write. The affidavit attached to her petition filed in the First City Court was signed with her mark. The representatives of the defendant insurance company had this document before them
 
 *358
 
 before consulting their counsel, or the district attorney, so that it is clear they knew, or should have known, that since plaintiff was unable to write, it was impossible for her to have wjritten the words which they claim constituted a forgery. Moreover, there appears there was another notation on the back of the policy showing that it was changed to Annie Jacobs “10/6/30, George H. Lewis.” This Lewis was the company’s agent at Darrow where plaintiff resided. It does not appear that when the representatives of the defendant company consulted the district attorney they emphasized the fact that plaintiff could not write and directed his attention particularly to the foregoing notation. Some time after plaintiff was arraigned and pleaded not guilty, George H. Lewis appeared before the district attorney and admitted that the words that plaintiff and her attorney were charged with forging were actually written by him. This admission was made in the presence of the district attorney and of H. L. Wilcox, general manager of the defendant company, and apparently accepted as true, because the charge against plaintiff was nolle prosequied.
 

 The case impresses me as one in which the representatives of the defendant company did not exert the proper diligence to ascertain the facts before consulting the district attorney. They made no serious effort to contact George H. Lewis, and to obtain from him an explanation concerning the alteration in the policy and his notation on the back of the instrument. If they had done this instead of forwarding the papers to a non-resident handwriting expert for his expert opinion, they would have discovered the true facts and plaintiff would have been spared the humiliation, inconvenience and expense of a criminal charge and the imprisonment thereunder.
 

 The assistant district attorney testified that if his attention had been directed to the signature of George H. Lewis on the back of the policy and had been informed by defendant’s representatives that Lewis was their agent in the country, he “would have possibly asked some questions about Lewis or sent for Lewis.” If this had been done and Lewis had furnished the district attorney before the charge was made with the same information that he furnished him in the presence of the manager of the defendant insurance company after the charge was made, it is clear that he would not have advised the institution of the criminal prosecution against plaintiff.
 

 The term "probable cause,” as used with reference to an action for malicious prosecution, means a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a prudent and cautious man to believe that the accused is guilty of the crime with which he is charged. Ramsey v. Knott, 166 La. 52, 116 So. 591.
 

 It is impossible for me to conclude from the evidence adduced in this case that the defendant company honestly believed that plaintiff was guilty of the crime of forgery. The impression the case leaves upon my mind is that the defendant caused the ar
 
 *360
 
 rest and prosecution of the plaintiff in order to coerce her to desist from prosecuting her suit to recover the avails of the policy. I do not think that defendant had probable cause for its conduct, and malice may be inferred from want of probable cause. Christian v. Leopold, 170 La. 552, 128 So. 513; Bladg v. Giacomino, 170 La. 638, 128 So. 661.
 

 For these reasons I dissent from the majority opinion herein.