307 So.2d 287 (1975)
Albert N. ROBINSON, Jr.
v.
GOUDCHAUX'S et al.
No. 54974.
Supreme Court of Louisiana.
January 20, 1975.
*288 Dennis Raymond Whalen, Baton Rouge, for plaintiff-applicant.
Robert J. Vandaworker, Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendants-respondents.
SUMMERS, Justice.
This is an action for damages for malicious prosecution based upon the fact that plaintiff was sued in a civil proceeding on an open account he had paid eight months before.
Albert N. Robinson, the plaintiff here, is a retired Captain in the Air Force, a former probation officer of the Family Court of Baton Rouge, and, at the time of the suit complained of, he was a graduate student in the School of Social Welfare at Louisiana State University. He purchased from Goudchaux's, a department store in Baton Rouge, a quantity of merchandise, mostly clothing, on open account between May 1968 and August 1968. The account amounted to $469.72.
No payments having been made on the account, the matter was referred, with others, to Goudchaux's attorneys as a delinquent account. The referral contemplated that demand for payment letters would be written to the debtor. A demand for payment letter was accordingly written to Robinson several days prior to April 19, 1969. Probably as a result of this demand, he paid $100 on April 29, 1969.
Another demand letter was written by the attorneys in early November 1969. *289 When no further payments were received, the complete file on the account was forwarded by Goudchaux's to their attorneys on June 16, 1970 in order that suit could be instituted for collection. However, shortly thereafter, on July 6, 1970, Robinson sent his check to Goudchaux's for $369.72 in full payment of the balance due on the account. The fact of this payment was never communicated to Goudchaux's attorneys.
In due course, on March 15, 1971, the attorneys filed suit in the City Court against Robinson for $369.72, the amount shown to be due from the information and documents in the file. The suit was filed in the name of Fifteen-Fifty Realty Co., Inc., a corporation authorized to sue on behalf of Goudchaux's. When Robinson was served with the suit papers, he immediately contacted Goudchaux's, complaining that the account was paid, and he was informed that the suit would be dismissed immediately. A week went by and the suit was not dismissed. Robinson therefore retained counsel who filed an answer and reconventional demand against Goudchaux's and Fifteen-Fifty claiming damages for malicious prosecution.
Attorneys for Goudchaux's then immediately attempted to have the case dismissed in City Court, alleging that the account was paid in full. But the judge declined to do so in the belief that the reconventional demand prevented a dismissal of the primary suit. Whether because of the judge's refusal to dismiss or otherwise, the matter lingered in this state. While the suit was pending, Robinson was served with a notice that his deposition would be taken on October 6, 1971. A subpoena was also issued for him to produce at that time his income tax returns for the preceding four years and the estimate for the current year. The deposition, however, was never taken. Then, on October 8, 1971, Goudchaux's dismissed its suit and Robinson, at the same time, dismissed his reconventional demand.
On February 7, 1972 Robinson instituted the instant suit against Goudchaux's, Inc., Fifteen-Fifty Realty Co., Inc. and W. R. Hamblin, Goudchaux's credit manager at the time. (Hamblin was later dismissed as party defendant). The petition sought damages in the amount of $10,000 for malicious prosecution based upon the March 15, 1971 suit in the City Court.
After establishing the facts relating to the City Court suit, which are not disputed, Robinson testified in an effort to support the claim for damages. He said the City Court suit caused him considerable concern and worry. Because reference to that suit was contained in a credit report, his negotiations for a loan and the purchase of a house in Monroe were delayed for ninety days. In order to get this straightened out, it was necessary for him to make several trips to the Credit Bureau. An explanation had to be submitted to the mortgage company in Monroe in order to clear his application for the home loan, which was finally approved in the amount of $15,000.
In Eusant v. Unity Industrial Life Ins. Ass'n, 195 La. 347, 196 So. 554 (1940), this Court approved the following rule of law governing cases of malicious prosecution:
"An action for maliciously putting the law in motion lies in all cases where there is a concurrence of the following elements: (1) The commencement or continuance of an original criminal or civil judicial proceeding. (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff."
Accepting these standards as the basis for this decision, we find all elements satisfied and essentially uncontested except the questions of probable cause, malice and damages.
As to probable cause, that element of a successful malicious prosecution suit *290 is also satisfied. It was surely negligence on the part of Goudchaux's not to notify its attorney that the account placed in his hands for collection by suit had been paid in full. Eight months transpired after the payment until suit was instituted, giving Goudchaux's ample time to undertake the necessary administrative and accounting steps and cancel the attorney's authority for suit on the account. No explanation whatsoever was given by any representative of Goudchaux's explaining the reasons for this failure, other than its attorney, who testified to the procedure in his office only.
This is not a case where the suit against Robinson was instituted upon advice of counsel based upon a full disclosure of all facts. Action upon advice of counsel would mitigate the blame attributable to Goudchaux's. Cf. Buchert v. Schumacher, 166 La. 111, 116 So. 718 (1928); Mullen v. Gause, 161 La. 461, 109 So. 31 (1926). But these facts do not warrant such a conclusion; they represent a case in which the client completely failed to advise its attorney of the payment eliminating the indebtedness necessary to support the suit it authorized to be filed. There was, therefore, insofar as Goudchaux's and Fifteen-Fifty were concerned, a total want of probable cause for instituting suit to collect an account fully paid eight months before. Bladg v. Giacomino, 170 La. 638, 128 So. 661 (1930). Cannell v. Michel, 6 La.Ann. 577 (1851).
Although there is no affirmative proof of malice on the part of Goudchaux's or Fifteen-Fifty, where there is a want of probable cause resulting from wanton and reckless disregard of the rights of the party sued, evincing utter absence of that caution and inquiry a man should employ before filing suit on an account against his customer, malice will be inferred. Negligence is not malice ordinarily, but when, as in this case, it amounts to recklessness and inexcusable indifference of the rights of plaintiff, malice is presumed. Bladg v. Giacomino, 170 La. 638, 128 So. 661 (1930); Christian v. Leopole, 170 La. 552, 128 So. 513 (1930); Lange v. Illionis Central Railroad, 107 La. 687, 31 So. 1003 (1902); Gann v. Varnado, 51 La.Ann. 370, 25 So. 79 (1899); Hayes v. Hayman, 20 La.Ann. 336 (1868); Cannell v. Michel, 6 La.Ann. 577 (1851).
Damages are also to be presumed in a case where all other elements of a suit for malicious prosecution are satisfied. In the absence of proof of special damages, however, these damages will usually be nominal. For instance in this case, we are not of the opinion that the mental anguish accompanying a civil suit is comparable to that which results from a criminal prosecution. The same degree of stigma and injury to reputation are not involved. A civil suit is often a matter of adjusting differences arising out of business transactions, and they are not regarded by the public generally in the same disparaging light as a criminal prosecution.
In the case at bar, the suit against plaintiff was dismissed as fully paid. The credit report merely referred to the suit with the notation "dismissed". There is no showing that any expense was incurred as a result of the delay in processing the loan. A proper inquiry by the credit bureau or the parties processing the loan would have resulted in the conclusion that no delay was justified. The pleadings in the suit, the reconventional demand and dismissal, amply establish the error upon which it was founded. The delay, then, was not attributable to the suit, but to a failure of the credit bureau and the parties processing Robinson's loan to make a full inquiry into the circumstances surrounding dismissal of that suit.
No effort was made to obtain an explanation from Goudchaux's of the facts connected with the suit or its dismissal when the loan processing was retarded by the credit report. Robinson's credit was not injured, for his loan in the amount of $15,000 was approved to his satisfaction. Thus, in view of the fact that there was no *291 actual malice here, there was no loss of business, no showing of expense incurred, and only minimal mental anguish, humiliation and embarrassment, only nominal damages are allowable. La.Civil Code art. 1934(3). Green v. Farmers' Consolidated Dairy Company, 113 La. 869, 37 So. 858 (1905); Judice v. Southern Pacific Company, 47 La.Ann. 255, 16 So. 816 (1895).
There is, moreover, a principle expressed in Sandoz v. Veazie, 106 La. 202, 30 So. 767 (1901), which illustrates the judicial attitude underlying these suits. There the Court said: "Actions of this sort have never been favored, and, in order to sustain them, a clear case must be established, where the forms of justice have been perverted to the gratification of private malice and the willful oppression of the innocent." A relevant constitutional mandate provides that "All courts shall be open, and every person for injury done him in his rights, lands, goods, person or reputation shall have adequate remedy by due process of law and justice administered without denial, partiality or unreasonable delay." La.Const. art. I, ¶ 6. Public policy requires that all persons shall fully resort to the courts for redress of wrongs and the law protects them when they act in good faith upon reasonable grounds in commencing either a civil or criminal proceeding. Burt v. Smith, 181 N.Y. 1, 73 N.E. 495 (1905), error dism. 203 U.S. 129, 27 S.Ct. 37, 51 L.Ed. 121.
The recognition of the salutary basis upon which these two principles are founded, considered in connection with a person's right to redress for the malicious and unwarranted employment of the judicial process against him, La.Civil Code art. 2315, has resulted in a guarded judicial attitude surrounding the action for malicious prosecution 52 Am.Jur.2d, Malicious Prosecution, ¶ 5. As the cases illustrate, limitations have been imposed which must be strictly adhered to before the action will be upheld. And even then, the awards have been compensatory only.
Ordinarily we would remand the case to the Court of Appeal for the determination of damages in such a case. But, since we find only nominal damages to be involved, we will not follow the usual practice in that regard. Remand would serve little practical value in this case, and final disposition at this time will save expense to the litigants in a case where only a nominal award is involved. An award of $500 is considered adequate.
For the reasons assigned, the judgment of the Court of Appeal is reversed, and judgment in the amount of $500 is rendered in favor of plaintiff and against defendants. Defendants to pay all costs.