CHIASSON, Judge.
Appellant George Onwukwe seeks review of the trial court’s judgment dismissing his action against Kroger Company (Kroger) for malicious prosecution.
It is uncontested that on June 12, 1977 and July 4,1977 Mr. Onwukwe made checks to Kroger that were returned for insufficient funds. On July 25, 1977, Mr. On-wukwe received notice from Kroger by certified mail that these checks had been returned unpaid, along with a request for payment. Payment was not received and the checks were turned over to the District Attorney for criminal prosecution. After being contacted by the District Attorney’s Office, Mr. Onwukwe made payment to Kroger on August 29, 1977. It is Kroger’s policy to notify the District Attorney’s Office after receiving payment. An employee of Kroger testified that she was “almost positive” that she called the District Attorney’s Office in accordance with this policy. She also testified that Mr. Onwukwe’s name had been circled in the book used to record NSF checks. This circle is used to indicate that the District Attorney’s Office has been advised of payment. Thereafter, another employee of Kroger who was unaware that payment had been made signed an affidavit which stated in part that “(A)ll attempts to successfully obtain restitution have been unsuccessful.” A warrant of arrest was issued and Mr. Onwukwe was arrested on October 6, 1977. He was released on his own recognizance. Appellant then brought this suit alleging damages for malicious prosecution.
After trial, judgment was rendered in favor of Kroger. The trial judge was of the opinion that under the facts and circumstances, there was no actionable malice nor could malice be inferred.
Appellant presents the following issues for our consideration.
*150 (1) Do the actions of Kroger Company constitute actionable malice or implied malice under Louisiana Civil Code Article 2315?
(2) Did Kroger Company overcome the presumption of lack of probable cause and malice?
It has repeatedly been maintained that “(A)ctions of this sort have never been favored, and, in order to sustain them, a clear case must be established . . Johnson v. Pearce, 313 So.2d 812 (La.1975). To prevail in a malicious prosecution case, the following elements must be satisfied: (1) The commencement or continuance of an original criminal or civil proceeding; (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) Its bona fide termination in favor of the present plaintiff; (4) The absence of probable cause for such proceeding; (5) The presence of malice therein; and, (6) Damage conforming to legal standards resulting to plaintiff. Robinson v. Goudchaux’s, 307 So.2d 287 (La.1975). The malice element can be inferred in cases where there is wanton and reckless disregard of the rights of a party, evincing utter absence of that caution and inquiry a man should employ. Robinson, supra.
In the present case, only the elements of malice, actual or implied, and lack of probable cause are at issue. Counsel for appellant contends that where charges are dismissed prior to trial, lack of probable cause and malice are presumed and the burden is on the defendant to prove that it acted with probable cause and without malice. Carter v. Catfish Cabin, 316 So.2d 517 (La.App. 2nd Cir. 1975). Even if this rule is applicable, we are of the opinion that Kroger has met its burden.
We are in agreement with the trial judge that malice did not exist. Mr. On-wukwe contends that malice should be inferred since, prior to the signing of the affidavit, the Kroger employee did not check to see if restitution had been made. However, at this point we must take notice, as did the trial judge, that the evidence shows a strong likelihood that another Kroger employee did notify the District Attorney’s Office of restitution and that office, nevertheless, prepared an affidavit and arrest warrant on Mr. Onwukwe. Under these circumstances, there is not the required clear showing of wanton or reckless disregard on behalf of Kroger sufficient to infer malice. Additionally, there is no affirmative proof of actual malice on the part of Kroger. Therefore, the malice element is unsatisfied.
Appellant also fails in his argument that there was lack of probable cause. La. R.S. 14:71 provides:
“Issuing worthless checks is the issuing, in exchange for anything of value, whether the exchange is contemporaneous or not, with intent to defraud, of any check, draft or order for the payment of money upon any bank or other depository, knowing at the time of the issuing that the offender has not sufficient credit with the bank, or other depository for the payment of such check, draft, or order in full upon its presentation. This provision shall not apply to payments on installment contracts or open accounts.
“The offender’s failure to pay a check, draft or order, issued for value, within ten days after notice of its nonpayment upon presentation has been deposited by certified mail in the United States mail system addressed to the issuer thereof either at the address shown on the instrument or the last known address for such person shown on the records of the bank upon which such instrument is drawn or within ten days after delivery or personal tender of the written notice to said issuer by the payee or his agent, shall be presumptive evidence of his intent to defraud.”
Although it is left to the discretion of the District Attorney to prosecute or not to prosecute after payment has been made, technically, all the elements of the crime had been satisfied and probable cause for the arrest of Mr. Onwukwe existed. Therefore, the element of lack of probable cause is also unsatisfied.
*151 For these reasons the judgment of the trial court, is affirmed at appellant’s cost.
AFFIRMED.