STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-300

GLENN M. BROUSSARD

VERSUS

PHYLLIS A. WINTERS, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, DOCKET NO. 117572-D
HONORABLE JAMES R. McCLELLAND, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

REVERSED AND REMANDED.

Mark G. Artall
109 South College Road
Lafayette, Louisiana 70503
(337) 233-1777
COUNSEL FOR PLAINTIFF/APPELLANT:
    Glenn M. Broussard

**Walter K. Jamison, III**
**Marjorie B. Breaux**
**Kraft Gatz LLC**
**600 Jefferson Street, Suite 410**
**Lafayette, Louisiana  70501**
**(337) 706-1818**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Farmers Texas County Mutual Insurance Company**


**Charles H. Duhe, Jr.**
**Brent Michael Steier**
**F. Dominic Amato**
**Taylor, Wellons, Politz & Duhe, APLC**
**7924 Wrenwood Boulevard, Suite C**
**Baton Rouge, Louisiana  70809**
**(225) 387-9888**
**COUNSEL FOR INTEVENOR:**
     **Waste Management of Louisiana, LLC**

**GENOVESE, Judge.**

Plaintiff, Glenn M. Broussard, appeals the trial court's grant of summary judgment dismissing his uninsured/underinsured motorist insurance (UM) claim against Farmers Texas County Mutual Insurance Company (Farmers). For the following reasons, we reverse the judgment of the trial court and remand this matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

The instant litigation arises out of an automobile accident which occurred on February 25, 2010, between an automobile being operated by Mr. Broussard and an automobile owned and being operated by Ms. Phyllis Winters. Initially, Mr. Broussard filed suit against Ms. Winters and her automobile liability insurance carrier, Progressive Security Insurance Company (Progressive). According to the lawsuit, Mr. Broussard was in the process of making a left turn while driving a 2000 Volvo 54000 commercial truck owned by his employer, Waste Management of Louisiana, LLC, when he was struck by Ms. Winters as she attempted to pass his vehicle.[1]

Mr. Broussard amended his petition in January 2011, adding Farmers as a defendant and alleging that "there was in full force and effect a policy of uninsured/underinsured coverage issued to [him.]" According to Mr. Broussard, at the time of his automobile accident with Ms. Winters, he was insured by Farmers by virtue of a policy of insurance issued to his girlfriend at the time, Crystal Cormier.

---

[1]Mr. Broussard settled all claims against Ms. Winters and her liability insurer, Progressive. His claims against Ms. Winters are not relevant to the present appeal.

Farmers answered Mr. Broussard's lawsuit in March 2011, denying UM coverage. On September 15, 2011, Farmers filed a motion for summary judgment, seeking a dismissal of Mr. Broussard's claim on the grounds that its policy did not provide UM coverage to him. Farmers acknowledged issuing a policy of insurance to Ms. Cormier; however, Farmers denied ever issuing a policy of insurance to Mr. Broussard and denied that he was insured under the terms and conditions of Ms. Cormier's UM policy.

On January 26, 2012, Mr. Broussard filed a motion to compel against Farmers, seeking answers to outstanding interrogatories and requests for production of documents. Thereafter, Mr. Broussard filed his memorandum in opposition to Farmers' motion for summary judgment on February 28, 2012.

Both Farmers' motion for summary judgment and Mr. Broussard's motion to compel were set for hearing on June 28, 2012. At the hearing, Farmers requested that the trial court allow additional briefing on the issue of UM coverage, specifically as to whether the second circuit's holding in *Lemoine v. Illinois National Insurance Company*, 38,237 (La.App. 2 Cir. 3/12/04), 868 So.2d 304, *writs denied*, 04-904, 04-926 (La. 6/4/04), 876 So.2d 86, 87, applied to the facts and circumstances of this case. The trial court agreed to take the matter under advisement and ordered that the parties submit supplemental memoranda relative to both Farmers' motion for summary judgment and Mr. Broussard's motion to compel.

On November 5, 2012, the trial court issued its reasons for judgment wherein it granted Farmers' summary judgment, but did not address Mr. Broussard's motion for compel. A judgment dismissing Mr. Broussard's suit

against Farmers was signed by the trial court the same day. Mr. Broussard has appealed this judgment.

## ASSIGNMENTS OF ERROR

In his appeal, Mr. Broussard asserts the following assignments of error:

I.      The district court erred in granting [Farmers'] motion for summary judgment and dismissing [Mr. Broussard's] claims against [Farmers].

        A.      The district court erred in granting Famers' motion for summary judgment when discovery was not complete. Material issues of fact remain concerning the issue of Famers' failure to include [Mr.] Broussard as an insured on the policy declarations page.

        B.      The district court erred in relying upon *Lemoine v. Illinois National Insurance Company*, 868 So.2d 304 (2nd Cir. 2004)[,] as controlling authority under the facts of the case at issue.

        C.      The district court erred in failing to consider that the language in the Farmers['] policy does not define the term "rated driver" and is therefore ambiguous and must be construed in favor of coverage.

## LAW AND DISCUSSION

On appeal, Mr. Broussard asserts that the trial court erred in granting summary judgment both procedurally and substantively. Procedurally, he contends that the trial court erred because there was a pending motion to compel discovery upon which the trial court failed to rule. Substantively, he contends that summary judgment was improper because there are questions of material fact as to the definition of certain terms within Farmers' policy, specifically the term "rated driver." Mr. Broussard argues that he was unable to defend against the motion for summary judgment because of Farmers' failure to effectively respond to his

3

discovery requests; therefore, he asserts this court should reverse the trial court's grant of Farmers' summary judgment. We agree.

According to Mr. Broussard, in an effort to oppose Farmers' motion for summary judgment, he served supplemental interrogatories and requests for production of documents upon Farmers in December of 2011. The record establishes that on January 23, 2012, Mr. Broussard filed a petition for letters rogatory and served Farmers' with a notice of his intent to depose its corporate representative pursuant to La.Code Civ.P. art. 1442. Mr. Broussard filed a motion to compel discovery against Farmers on January 26, 2012, after not receiving responses to his discovery requests. In his memorandum in opposition to Farmers' motion for summary judgment, filed on February 28, 2012, Mr. Broussard reiterated that the discovery responses he seeks are pertinent to the determination of whether the terms of Farmers' policy afford UM coverage to him under the particular facts and circumstances of this case.

Louisiana Code of Civil Procedure Article 966 (emphasis added) provides, in pertinent part:

> A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
>
> (2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
>
> B. (1) The motion for summary judgment, memorandum in support thereof, and supporting affidavits shall be served within the time limits provided in District Court Rule 9.9. For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may

4

serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 within the time limits provided in District Court Rule 9.9.

(2) The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. If the motion for summary judgment is denied, the court should provide reasons for the denial on the record, either orally upon rendition or in writing sua sponte or upon request of a party within ten days of rendition.

C. (1) After *adequate discovery* or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.

A motion for summary judgment shall be granted only after **adequate discovery**.

*Id*. (emphasis added). Our review of the record, particularly the trial court's failure to rule on Mr. Broussard's motion to compel discovery, supports Mr. Broussard's assertion that Farmers' motion for summary judgment was prematurely decided by the trial court because the discovery was incomplete and inadequate. Based on the facts of this case, justice is best served by compelling Farmers to cooperate in the requested discovery. It is premature to address the merits of the remaining assignments of error due to incomplete discovery.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed, and this matter is remanded to the trial court to allow adequate discovery prior to a ruling on the motion for summary judgment. Costs are assessed to Defendant/Appellee, Farmers Texas County Mutual Insurance Company.

**REVERSED AND REMANDED.**