STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-770

SHANNON JAMES SUAREZ

VERSUS

JOHN DEROSIER, INDIVIDUALLY AND IN HIS CAPACITY AS THE
CALCASIEU PARISH DISTRICT ATTORNEY, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-3872, DIVISION "G"
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Elizabeth A. Pickett, Judges.

**REVERSED AND REMANDED.**

Glen R. Petersen
Hymel Davis & Petersen, L.L.C.
10602 Coursey Boulevard
Baton Rouge, LA 70816
Telephone: (225) 298-8118
COUNSEL FOR:
    Defendant/Appellee - John DeRosier, Individually and in his Capacity
    as the Calcasieu Parish District Attorney

**Christian D. Chesson**
**Joseph Lee Manuel**
**One Lakeshore Drive – Suite 1800**
**Lake Charles, LA 70629**
**Telephone:  (337) 436-5297**
**COUNSEL FOR:**
**Plaintiff/Appellant - Shannon James Suarez**

**THIBODEAUX, Chief Judge.**

Shannon James Suarez brought suit against District Attorney John DeRosier and Investigator Bill Pousson, alleging malicious prosecution and misconduct in investigative and administrative duties in the District Attorney's Office. Defendants were granted summary judgment on the grounds of absolute immunity. Mr. Suarez now appeals, asserting that the trial court erred in granting the motion because he was not allowed to adequate discovery. We agree. We, therefore, reverse the judgment of the trial court and remand to allow Mr. Suarez the opportunity for adequate discovery. We express no opinion regarding the merits of Mr. Suarez's claims.

I.

## ISSUES

This court must consider whether the trial court erred in granting the motion for summary judgment for a malicious prosecution claim when the plaintiff was denied adequate discovery for seven months. This court must also consider whether the trial court erred in not deeming the plaintiff's request for admission of fact admitted when defendants failed to answer within the specified time period under La.Code Civ.P. art. 1467(A).

II.

## FACTS AND PROCEDURAL HISTORY

On June 30, 2009, Mr. Suarez allegedly threw a box of Twinkies at Jerry W. "J.W." Peloquin II. Mr. Peloquin alleged that Mr. Suarez had been stalking him for several months and had threatened and battered him in August and

September 2009.  Lori Guidry Smith also alleged that Mr. Suarez stalked her in August 2009.  Mr. Suarez was arrested by local authorities, and, on March 29, 2011, the Calcasieu Parish District Attorney's Office filed formal charges of stalking, a violation of La.R.S. 14:40.2(A).  The District Attorney amended the Bill of Information on May 23, 2013, adding simple battery, a violation of La.R.S. 14:35, for the alleged battery on June 30, 2009.

Mr. Pousson went to Mr. Suarez's place of employment to talk to him about the charges.  Mr. Suarez alleges Mr. Pousson offered to make his problems "go away" and encouraged him to plead guilty and spoke to him even though he knew Mr. Suarez was represented by counsel.

Mr. Suarez filed a motion to quash, asserting the battery charge had prescribed.  Mr. Suarez appealed the trial court's adverse decision and discovered that a subsequent version of the Bill of Information had been stamped "Sex Offender."  This court granted the writ and dismissed the charges.  The Louisiana Supreme Court denied the District Attorney's writ application.

Mr. Suarez filed suit against Mr. DeRosier on September 24, 2015, alleging malicious prosecution and misconduct in the investigative and administrative duties of the District Attorney's Office.  Mr. Suarez alleges that the "Sex Offender" stamp on the Bill of Information was defamatory, and subjected him to ridicule, humiliation, and condemnation because it could be accessed through public record.  Mr. Suarez also claimed that the labeling of "Sex Offender" caused the intentional infliction of emotional distress.  Plaintiff's counsel sent Interrogatories, Request for Production of Documents and Request for Admissions on October 6, 2015, which were delivered by certified mail with signature confirmation on October 9, 2015.  Defense counsel requested an informal

2

extension to file responsive pleadings, and both parties agreed to the extension until November 13, 2015.

On November 19, 2015, Defendants filed a motion for summary judgment with a supporting memorandum, asserting absolute immunity. No responsive pleadings were filed. Identical affidavits of Mr. DeRosier and District Attorney's Office employees were entered into the record. Defendants never answered Plaintiff's petition nor did Defendants answer requests for discovery. A motion to continue the summary judgment hearing was filed on February 18, 2016, and the hearing was continued until April 20, 2016. The motion was granted on the understanding that Defense counsel would comply with discovery requests.

Mr. Suarez filed an Amended and Supplemental Petition on April 12, 2016, adding Mr. Pousson as a Defendant. At the April 20, 2016 hearing, Defense counsel maintained he had not received discovery requests. However, the Interrogatories and Request for Production of Documents and Request for Admissions were sent by certified mail and signed for on October 9, 2015. The hearing was continued until June 1, 2016 to allow for Defense counsel to review the Amended and Supplemental Petition and to respond to propounded Interrogatories and Request for Production of Documents and Request for Admissions. Due to a scheduling conflict, the hearing ultimately was held on June 3, 2016.

On April 25, 2016, Defense counsel's paralegal requested another informal extension until May 1, 2016 to answer the First Amended and Supplemental Petition for Damages. In exchange for the extension, Plaintiff's counsel requested dates be set aside in May to take depositions prior to the hearing scheduled for June. Defense counsel's paralegal responded via email asking who

Plaintiff's counsel wished to depose. Plaintiff's counsel responded that he wished to depose Mr. Pousson and Mr. DeRosier, and possibly others based on documents from the anticipated discovery. After Plaintiff's counsel told the paralegal to contact his office manager to set the depositions, the paralegal did not further respond to Plaintiff's counsel's emails. The office manager called the paralegal and the paralegal only provided June 15, 2016 as a possible deposition date, notably not in May as Plaintiff's counsel had requested to take depositions before the summary judgment hearing. Later, the paralegal called the office manager to reschedule the depositions to June 20, 2016. However, Mr. Pousson became unavailable on that date. The parties could not get the depositions rescheduled because Defense counsel refused the dates unless Mr. DeRosier and Mr. Pousson were deposed on the same date because he did not want to drive to Lake Charles twice.

Defendants filed a memorandum to support the motion for summary judgment on May 2, 2016. During this time, Plaintiff tried to propound discovery and Defendant continued not answering any discovery. As of May 27, 2016, no depositions were scheduled, and no discovery was received. Plaintiff's counsel filed a motion to continue because Memorial Day Weekend was on May 30, 2016, and any discovery he might receive would not allow him time to adequately prepare for the summary judgment hearing.

Mr. Suarez filed a Motion to Compel Answers to Interrogatories, and Request for Production of Documents and Deem Requests for Admissions Admitted on May 27, 2016. The Defendant did not answer discovery requests until after the motion to compel was filed by Mr. Suarez. Plaintiff's counsel's attempts to depose Defendants and to propound discovery were ignored. During

the hearing, Defense counsel said he filed a response to the Request for Admissions but not the other two discovery requests because it would bear on the ultimate decision of the case. Defense counsel further suggested that Mr. Suarez could not move forward because the case is a malicious prosecution case and the actions were part of the judicial process and, therefore, subject to absolute immunity.

Plaintiff's counsel proffered four exhibits at the summary judgment hearing: a letter requesting an extension from Defense counsel; Interrogatory and Request for Production of Documents to Defendant; emails from Plaintiff's counsel to Defense counsel's paralegal; and Defendant's Response to Plaintiff's Request for Admissions. The trial court granted the motion for summary judgment. The court noted that a continuance for discovery would be denied and the motion to compel would be rendered moot as well. Mr. Suarez now appeals.

III.

**STANDARDS OF REVIEW**

"Appellate courts review summary judgments *de novo*, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate." *O'Brien v. Town of Glenmora*, 08-309, p. 3 (La.App. 3 Cir. 11/5/08), 997 So.2d 753, 756. A court must grant a summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any . . . show that there is no genuine issue as to material fact." La.Code Civ.P. art. 966(B). Summary judgment "is designed to secure the just, speedy, and inexpensive determination of every action . . . ." La.Code Civ.P. art. 966(A)(2). For a continuance, the abuse of discretion standard is applied "to

5

determine if the trial court allowed adequate time for discovery." *Advance Products & Systems, Inc. v. Simon,* 06-609, p. 5 (La.App. 3 Cir. 12/6/06), 944 So.2d 788, 792.

## IV.

## LAW AND DISCUSSION

First, this court must address whether the trial court properly granted the motion for summary judgment on the malicious prosecution claim. Mr. DeRosier argues that the grant of summary judgment was proper because a prosecutor is entitled to absolute immunity. Mr. Suarez asserts that in order to determine whether the torts complained of in the petition fall into absolute immunity or qualified immunity, adequate discovery is necessary. Mr. Suarez contends that summary judgment was improper when he was denied adequate discovery because Defendants failed to answer discovery for seven months, and the case hinges upon establishing the type of action to determine the applicable immunity.

Mr. Suarez argues that he has a cause of action for malicious prosecution, defamation, intentional interference, and intentional infliction of emotional distress. Mr. Suarez contends that Mr. DeRosier's assertion that the District Attorney has absolute immunity is incorrect because the District Attorney has qualified immunity for administrative and investigative functions. Mr. Suarez argues that malice and bad faith are questions of fact for which they do not know the answer because they did not complete discovery. Plaintiff's counsel alleges Defense counsel intentionally tried to avoid discovery and only answered the Request for Admissions of Fact via email twenty minutes after Plaintiff's counsel

6

filed a motion to compel. Mr. Suarez maintains that adequate discovery is necessary to show that there is a genuine issue of material fact. We agree.

In order to establish a prima facie case for malicious prosecution, a plaintiff must prove six elements:

(1) The commencement or continuance of an original criminal or civil judicial proceeding;

(2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding;

(3) its bona fide termination in favor of the present plaintiff;

(4) the absence of probable cause for such proceeding;

(5) the presence of malice therein; and

(6) damage conforming to legal standards resulting to plaintiff.

*Terro v. Chamblee*, 95-70, p. 3 (La.App. 3 Cir. 7/19/95), 663 So.2d 75, 77 (citing *Robinson v. Goudchaux's*, 307 So.2d 287 (La.1975)). When prosecutors engage in administrative, investigative, or ministerial roles, the prosecutor has qualified immunity rather than absolute immunity. *See Fields v. Wharrie*, 740 F.3d 1107, 1111 (7th Cir. 2014); *see also Hayes v. Parish of Orleans*, 98-2388, pp. 3-5 (La.App. 4 Cir. 6/16/99), 737 So.2d 959.

Mr. DeRosier filed the motion for summary judgment on the basis of absolute immunity. Under La.Code Civ.P. art. 966(C)(1):

After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.

7

Mr. DeRosier submitted affidavits of his employees in support of absolute immunity. Prosecutors may have absolute immunity or qualified immunity depending upon their actions. Prosecutors have absolute immunity when their actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Additionally, La.R.S. 9:2798.1(B) states:

> Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

However, under La.R.S. 9:2798.1(C)(2), malicious acts do not fall within Subsection B.

The trial court judge denied the request for the continuance and granted summary judgment even though Defendants failed to answer timely. Defendants repeatedly made representations to the court that they would comply with discovery; however, Defendants later said that discovery would bear on the ultimate decision and absolute immunity obviated the necessity of certain discovery. We find that the trial court abused its discretion by denying the motion to continue because of inadequate discovery.

Furthermore, Mr. Suarez also asserts that the trial court erred by admitting the affidavits and granting summary judgment when the affidavits were duplicated and ingenuously claimed personal knowledge of acts in the District Attorney's Office. On appeal, Mr. Suarez argues the affidavits were not specific and not sufficient to support summary judgment.

Under La.Code Civ.P. art. 966(F)(2):

> Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph . . . .

Plaintiff's counsel never challenged the admissibility of the affidavits as required by La.Code Civ.P. art. 966 (F)(2). The affidavits are all of employees of the District Attorney's Office in their prosecutorial duties. Plaintiff's counsel did not oppose the affidavits nor did he file a motion to strike. After submission of the affidavits, the burden shifts to the party opposing the motion for summary judgment to show there is a genuine issue of material fact under La.Code Civ.P. art. 966(C)(2). It was then incumbent on Mr. Suarez to show there was a genuine issue of material fact.

Although Mr. Suarez alleged malicious prosecution and intentional infliction of emotional distress in the petition, the trial court indicated that it thought that malicious prosecution was the primary issue. Plaintiff's counsel at neither the first nor the second hearing submitted any evidence. Plaintiff's counsel proffered four exhibits at the summary judgment hearing. However, even the proffered evidence did not timely comply with La.Code Civ.P. art. 966(B)(1). Mr. Suarez failed to satisfy his burden on opposition to the motion for summary judgment once the burden had shifted. We further observe, notwithstanding a motion to object, the affidavits were made from personal knowledge and the testimony (averments) would be competent and admissible evidence at trial.

Mr. Suarez argues that the trial court erred in finding that the District Attorney enjoys absolute immunity for administrative functions. Defendants assert absolute immunity is applicable. The motion for summary judgment was based on

9

the absolute immunity of the District Attorney's Office and once the affidavits were filed, it was incumbent upon Mr. Suarez to show a lack of absolute immunity because the burden of production shifted. The only way for Mr. Suarez to show a lack of absolute immunity was to show that the actions of Defendants were administrative functions for which qualified immunity would be applicable.

Mr. Suarez filed the original petition in September 2015, and propounded discovery in early October 2015. On April 12, 2016, Mr. Suarez amended the original petition, adding Mr. Pousson as a Defendant. Additionally, Defense counsel requested an extension to file responsive pleadings. Plaintiff's counsel and Defense counsel agreed to an extension until November 13, 2015. However, on November 19, 2015, Defense counsel filed a motion for summary judgment rather than responding to pleadings.

Further, at the hearing on April 20th, Defense counsel agreed that he would provide answers to discovery. The trial court instructed Defendants to comply with discovery and, according to Mr. Suarez, Defense counsel also assured him that they would comply and answer discovery. Defense counsel repeatedly denied receipt of discovery requests, asked for multiple formal and informal extensions, and impeded efforts to setup depositions. Defense counsel evaded discovery requests for seven months and relied on his motion for summary judgment as a tool to avoid discovery.

From the time when the discovery request was received by Defense counsel on October 9, 2015, until the April 20, 2016 hearing, Defense counsel ignored discovery requests, claiming he never received them. Following the April 20th hearing, Plaintiff's counsel attempted to schedule depositions in May, prior to the hearing that was continued until June, but was unsuccessful. Rather, Defense

counsel's paralegal did not contact the Plaintiff's counsel's office manager but the Plaintiff's counsel's office manager had to call the paralegal. The paralegal ultimately scheduled the depositions for mid-June. The depositions were subsequently cancelled because of Defense counsel's refusal to drive to Lake Charles for two deposition dates because Mr. Pousson was unavailable on the rescheduled date.

When Mr. Suarez filed a motion to compel and a motion to continue on May 27, 2016, no discovery had been received and no depositions had been scheduled since discovery was propounded on October 9, 2015. Plaintiff's counsel filed a motion to continue along with the motion to compel because a Memorial Day weekend would prevent him from preparing for the June 3rd summary judgment hearing. However, the trial court denied both motions.

Mr. Suarez argues that the trial court erred in finding no genuine issue of material fact. Louisiana Code of Civil Procedure Article 966(B)(2) reads, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law . . . .

In *Broussard v. Winters*, 13-300 (La.App. 3 Cir. 10/9/13), 123 So.3d 902, this court reserved the trial court's grant of summary judgment premature when there was not adequate discovery, finding that a question of material fact remained regarding definitions and terms in the insurance policy at issue. There, the defendant failed to respond to discovery for nearly a year and the trial court granted summary judgment even though there was a pending motion to compel.

*Id.* The plaintiff argued in the motion to compel that the definition of terms he requested during discovery was determinative of his coverage and, therefore, the crux of the case. *Id.*

Here, like the plaintiff in *Broussard*, Mr. Suarez was denied adequate discovery because Defendants failed to answer discovery for seven months. The trial court clearly noted absolute immunity was at issue and found that Defendants were entitled to summary judgment. However, Defense counsel's failure to provide discovery, claiming immunity applied, prevented Mr. Suarez from obtaining adequate discovery and from meeting the burden of production required of a party opposing a motion for summary judgment. The trial court abused its discretion when it declared Mr. Suarez's motion to continue and motion to compel as moot because discovery was not sufficient for summary judgment.

Defense counsel made it difficult to schedule depositions, only providing dates which would occur after the summary judgment hearing, and later cancelling those dates before the hearing. Defense counsel was unwilling to reschedule, creating additional hinderances for Plaintiff's counsel. Further, Defense counsel failed to answer the propounded discovery. Thus, without discovery and without the ability to depose the Defendants, it is no surprise that Mr. Suarez was unable to establish whether the Defendants were acting within their administrative or their ministerial functions when they stamped "Sex Offender" on his Bill of Information. As such, a question of material fact still exists. Just as the plaintiff in *Broussard* needed the definition of terms through discovery which were determinative of coverage, Mr. Suarez needed this information because it is determinative as to whether qualified or absolute immunity applies, which the case hinges upon. Therefore, we find the trial court

12

erred in granting the motion for summary judgment when Mr. Suarez did not receive adequate discovery to satisfy the burden of production. We remand the case to the trial court to allow Mr. Suarez the opportunity to conduct adequate discovery pursuant to La.Code Civ.P. art. 966(C)(1).

Next, we must determine whether the trial court erred in not deeming Mr. Suarez's Request for Admission of Fact admitted when Defendants failed to answer within the specified time under La.Code Civ.P. art. 1467(A). Mr. Suarez contends that the trial court failed to admit the Request for Admissions when Defendant did not answer discovery for seven months. On appeal, as argued in Mr. Suarez's motion to compel, Mr. Suarez asserts that the delay for objecting or answering had passed and the movers were entitled to an order compelling an answer to Interrogatories and Request for Production. Mr. Suarez alleges that the trial court failed to address Defendants' failure to answer Requests for Admissions. Mr. Suarez notes that under La.Code Civ.P. art. 1467(A), a request should be deemed admitted when Defendants failed to answer or object within fifteen days after service of the request.

Under La.Code Civ.P. art. 1467(A):

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within fifteen days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of thirty days after service of the petition upon him . . . .

Under La.Code Civ.P. art. 966(F)(2), evidence is deemed admitted unless excluded in response to an objection. Mr. Suarez appeals a motion for

13

summary judgment and that judgment does not encompass a judgment or a ruling on the merits on the request for the admissions of fact, nor does the record contain an interlocutory ruling on the merits of the requests for admissions. Because the appeal does not include deemed admissions, consideration of this issue is premature. The other issues alleged by Mr. Suarez in his petition are moot because adequate discovery was not propounded prior to the trial court's grant of summary judgment to determine whether Defendants are immune.

## V.

## <u>CONCLUSION</u>

For the foregoing reasons, we reverse the trial court's judgment and remand to the trial court for the opportunity to propound discovery. All costs are assessed to the Appellees.

**REVERSED AND REMANDED.**