hPETERS, J.
By separate appeals, Mary Emelda Co-lomb and Highlands Insurance Company (Highlands) appeal the trial court’s denial of Ms. Colomb’s request for a continuance of the trial on the merits and dismissal of her suit. For the following reasons, we affirm.
DISCUSSION OF THE RECORD
The litigation arises from an August 12, 1998 St. Landry Parish automobile accident in which the vehicle driven by Ms. Colomb was rear-ended by the vehicle driven by Elizabeth M. LeBlanc. Ms. Co-lomb brought suit, on August 9, 1999, against Ms. LeBlanc and State Farm Mutual Automobile Insurance Company (State Farm), Ms. LeBlanc’s automobile liability insurer, to recover the damages she sustained in the accident. At the time of the accident, Ms. Colomb was employed by Rehab Center of Opelousas (Rehab Center) and was in the course and scope of her employment. Highlands, Rehab Center’s workers’ compensation insurer, paid Ms. Colomb weekly benefits and medical expenses related to the accident. After Ms. Colomb instituted her suit against Ms. LeBlanc and State Farm, Highlands intervened, seeking recovery of the benefits it had paid Ms. Colomb.
State Farm petitioned the court for a coneursus proceeding and permission to deposit a sum equivalent to its policy limits, plus legal interest, into the registry of the court pursuant to La.Code Civ.P. art. 4651 et seq. The trial court signed an order dated June 25, 2001, granting State Farm’s petition. By joint stipulation recorded on November 13, 2001, Ms. Colomb and Highlands agreed to a division of the deposited policy limits. On the same day, the trial court signed a judgment effecting the stipulation.
In a telephone scheduling conference held on December 27, 2001, the trial _[2.court set a trial date of April 4, 2002. By an order signed on February 26, 2002, the trial court upset the April 4 trial date and reset the trial for May 9, 2002. On the morning of May 9, neither Ms. Colomb nor *1123 her counsel appeared for trial. Instead, the trial court was informed by telephone that Ms. Colomb’s counsel was in the hospital suffering from food poisoning. Additionally, Ms. Colomb’s counsel faxed to the trial court a motion to continue the trial. The faxed motion did not mention counsel’s hospitalization, but instead asserted that Ms. Colomb and Highlands were in settlement negotiations which could resolve the litigation and that she was a college student with final exams scheduled for May 9. She asserted in her motion that Ms. LeBlanc objected to the continuance. Counsel for Ms. LeBlanc was present in court on the morning of May 9. Through her counsel, Ms. LeBlanc announced that she was ready for trial and objected to the continuance. The trial court granted the continuance in open court and scheduled a status conference for May 24, 2002. At the status conference, the trial court rescheduled the trial for June 6, 2002. However, on June 5, 2002, the trial court informed counsel for the litigants that it was forced to reschedule the trial for June 11, 2002.
When the trial court called the matter on June 11, Ms. Colomb’s counsel announced that she was not present. In doing so, he stated the following:
Your Honor, my client is not here. Uh, she was notified of the court date today. We wrote her a letter. Plus my secretary called her yesterday to remind her. I have searched the halls for her. I called her house just now and left a message on the answering machine and she is not present. So, I cannot proceed without my client Your Honor. I wanted to request a continuance until I can contact my client. Hopefully within the next few days.
The trial court denied the continuance, stating, “This case has been reset a number of times and we’re here and ready to dispose of it. You know I met with you all in lachambers and we discussed this case before coming on the bench. You know my position on it.”
Counsel for Ms. Colomb then introduced a copy of the letter dated June 5, 2002, that he forwarded to his client, informing her that the trial had been rescheduled for June 11 at 1:30 p.m. Again, counsel informed the trial court that his office had telephoned Ms. Colomb on June 10, as well as the morning of the trial, to remind her of the setting. However, he had no evidence to present on behalf of his client regarding the merits of the suit. Neither Ms. Colomb’s counsel nor Highlands’ counsel presented any evidence in support of their claims. The trial court then dismissed both the initial action and the intervention. In their appeals, both Ms. Co-lomb and Highlands assert that the trial court abused its discretion in denying the motion for continuance and in dismissing their claims.
OPINION
Louisiana Code of Civil Procedure Article 1672(A)(1) provides that “[a] judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.” (Emphasis added.) Ms. LeBlanc did not invoke the mandatory language of this Article. Instead, after the motion for continuance had been denied, counsel for Ms. LeBlanc stated the following:
Your Honor we’re prepared to go to trial here today. I mean you could proceed but I mean I’m not going to stipulate to, you know to, since it’s an attempt to get an excess judgment against my insured, I’m not going to stipulate to any liability or any of the medical causa- *1124 tions or anything because of the circumstances.
In other words, Ms. LeBlanc relied on Ms. ■Colomb’s inability to carry her burden of Lproof at trial as a basis for the dismissal. See La.Code Civ.P. art. 1672(B). Thus, the sole issue on appeal is whether the trial court erred in denying the motion for a continuance.
Louisiana Code of Civil Procedure Article 1601 provides that “[a] continuance may be granted in any case if there is good ground therefor.” We review the denial of a motion for continuance under the abuse of discretion standard. Jackson v. Royal Ins. Co., 97-723 (La.App. 3 Cir. 12/17/97), 704 So.2d 424.
Ms. Colomb asserts in brief that the matter before the trial court was an uncomplicated bench trial involving local attorneys and witnesses, that she had only requested one continuance in the past,[1] and that there was a valid reason for her failure to appear. She further asserts that the trial court had other options available to it, including the grant of a short recess or one-half day continuance to allow her counsel to locate her. While we agree that the trial court had these options, Ms. Co-lomb’s counsel did not seek this relief — he sought only a continuance of the complete trial.
While Ms. Colomb asserts that a valid reason exists for her absence at trial, the record contains no evidence of that reason. Additionally, she suggests in brief that the trial court had expressed reasons in chambers concerning his ruling on the motion for continuance other than those expressed in open court. Neither the reason for her absence nor the reasons allegedly asserted by the trial court in chambers are contained in the appellate record. Therefore, we can neither speculate concerning the content of these reasons nor consider these reasons on appeal.
| RThe record before us does not establish that the trial court abused its discretion in denying Ms. Colomb’s motion for continuance. Highlands did not protect itself by subpoenaing Ms. Colomb to trial and cannot now complain of her absence. Thus, when Ms. Colomb and Highlands failed to present any evidence to support the relief they requested, the trial court did not err in dismissing their claims. We find no merit in the assignments of error asserted by Ms. Colomb and Highlands.
DISPOSITION
For the foregoing reasons, we affirm the trial court’s judgment in all respects. We assess one-half of the costs of this appeal to Mary Emelda Colomb and one-half to Highlands Insurance Company.
AFFIRMED.

. Ms. LeBlanc asserts in brief that the upset of the April 4 trial date was at Ms. Colomb’s request. The record only establishes that the trial court issued a per curiam order resetting the trial for May 9, 2002.