# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-158


**GBB PROPERTIES TWO, LLC, ET AL.**

**VERSUS**

**STIRLING PROPERTIES, LLC, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20162400
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders, and Elizabeth A. Pickett, Judges.


**REVERSED AND REMANDED.**

**Brent B. Barriere**
**Skylar Rosenbloom**
**Rebecca Sha**
**Fishman Haygood, L.L.P.**
**201 St. Charles Ave., Suite 4600**
**New Orleans, LA 70170**
**(504) 586-5252**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Stirling Properties, LLC**
  **Ambassador Town Center JV, LLC**
  **CBL & Associates Management, Inc.**
  **Four Magnolias, LLC**
  **Ambassador Infrastructure, LLC**

**Rickey W. Miniex**
**Clyde R. Simien**
**Katrena A. Porter**
**Simien & Miniex, APLC**
**104 Rue Iberville**
**Lafayette, LA 70508**
**(337) 269-0222**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Stirling Properties, LLC**
  **Ambassador Town Center JV, LLC**
  **CBL & Associates Management, Inc.**
  **Four Magnolias, LLC**
  **Ambassador Infrastructure, LLC**

**Patrick S. McGoey**
**Andrea V. Timpa**
**Ellie T. Schilling**
**Schonekas, Evans, McGoey & McEachin, LLC**
**909 Poydras Street, Suite 1600**
**New Orleans, LA 70112**
**(504) 680-6050**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  **GBB Properties Two, LLC**
  **DBR Properties, LLC**

**SAUNDERS, Judge.**

This is a case involving the development of real property as a major mixed-use project. Appellants asserted various claims arising under a purchase agreement and a payment-in-lieu-of-taxes agreement relating to the development of infrastructure improvements to the "master tract" of the project.

The trial court granted a partial summary judgment dismissing Appellants' claims relating to the purchase agreement. Appellants appeal the dismissal of those claims.

## FACTUAL AND PROCEDURAL HISTORY:

This lawsuit arises out of a commercial development known as Ambassador Town Center. The development spans 125 plus acres and includes a Costco, Dicks Sporting Goods, Lazyboy and other retailers.

In 2013, GBB Properties Two, LLC and DBR Properties, LLC (Collectively "Appellants") agreed to sell a portion of the 125 acre "master tract" to Four Magnolias, LLC. Prior to the Act of Sale, a Purchase Agreement was entered into by the parties which obligated Four Magnolias, LLC to buy at least 41 acres of the 125 acre "master tract." It also obligated Four Magnolias to pay for the construction of infrastructure improvements outside of the property it was to acquire, i.e., the remaining property in the "master tract." Section 2.B of the Purchase Agreement provided that if Four Magnolias, LLC did not incur a certain amount of costs to make the infrastructure improvements, it would owe Appellants a rebate. As such, under Section 2.B, Four Magnolias, LLC is required to account for the possibility that it would owe a rebate to Appellants once construction was completed. Thereafter, Four Magnolias, LLC assigned its interest in the land to Ambassador Town Center JV, LLC.

An Act of Sale was entered into between Appellants and Ambassador Town Center JV. The Act of Sale did not address these off-site infrastructure costs or the rebate.

Ambassador Infrastructure, LLC completed all of the public infrastructure on the land acquired in the Act of Sale. No such public infrastructure was done to the remaining land in the "master tract."

Appellants filed suit against Ambassador Infrastructure, LLC, Four Magnolias, LLC, and Ambassador Town Center JV (Collectively "Appellees"). Appellants asserted in its suit, *inter alia*, claims involving obligations stemming from the Purchase Agreement that were not included in the Act of Sale. Appellees filed a Motion for Partial Summary Judgment to dismiss those claims.

After a hearing, the trial court granted Appellees' Motion for Partial Summary Judgment. It is from this judgment that Appellants present two assignments of error.

## ASSIGNMENTS OF ERROR:

1.    The trial court erred in granting Defendants' Motion for Partial Summary Judgment dismissing not only Plaintiffs' breach of the Purchase Agreement claim but also their unjust enrichment claim.

2.    The trial court erred in failing to defer ruling on the Defendants' Motion for Partial Summary Judgment until adequate discovery was completed.

## ASSIGNMENT OF ERROR NUMBER ONE:

In their first issue assignment of error, Appellants contends that the trial court erred in granting Defendants' motion for partial summary judgment dismissing their breach of the purchase agreement and unjust enrichment claims. We find merit to this assignment of error.

A summary judgment is reviewed using the de novo standard of review by focusing on the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08),

977 So.2d 880. As such, we are tasked to make a determination whether "the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

In adjudicating a motion for summary judgment, a court cannot "consider the merits, make credibility determinations, evaluate testimony[,] or weigh evidence." *Prop. Ins. Ass'n of La. v. Theriot*, 09-1152, p. 3 (La. 3/16/10), 31 So.3d 1012, 1014 (quoting *Suire v. Lafayette City–Parish Consol. Gov't*, 04-1459, (La. 4/12/05), 907 So.2d 37). Moreover, although "summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050.

"If the words of a contract are clear, explicit, and lead to no absurd results, it must be interpreted by reference to the 'four corners' of the document and no further interpretation can occur in search of the parties' intent." *Hebert v. Ins. Center, Inc.*, 97-298, p. 4 (La.App. 3 Cir. 1/7/98), 706 So.2d 1007, 1011, *writ denied*, 98-353 (La.3/27/98), 716 So.2d 888; La.Civ.Code art. 2046. Louisiana Civil Code Article 1848 states, "[t]estimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature." Comment (a) of La.Civ.Code art. 1848 iterates that Article 1848 "incorporates exceptions recognized by the Louisiana jurisprudence."

One such exception is that of the prior or contemporaneous agreement between the parties.

> Evidence is also admissible of a valid prior or contemporaneous agreement of a collateral nature between the parties about which the final written contract is silent. This rule of admissibility is important in real estate transactions. For example, an act of sale, the formal act of transfer of the property, may not contain each and every stipulation

3

between the parties concerning the real estate, either intentionally or through oversight. However, a prior or contemporaneous collateral agreement regarding the real estate is nonetheless effective provided that the agreement is not at variance with the terms of the act of sale.

1 Peter S. Title, LOUISIANA REAL ESTATE TRANSACTIONS, § 7:46 (2d ed. 2016).

In this case, Appellees filed the motion for summary judgment. On appeal, they argue that because the Act of Sale does not include certain obligations set forth in the Purchase Agreement, those obligations are not enforcable between the parties. Appellees cite La.Civ. Code art. 1835 which states, "[a]n authentic act constitutes full proof of the agreement it contains, as against the parties, their heirs, and successors by universal or particular title." As such, according to Appellees, the trial court's dismissal of Appellants' claims relative to the Purchase Agreement was proper given that the Act of Sale was an authentic act. We find no merit to this argument.

Our reading of the applicable law, as accurately stated in 1 Peter S. Title, LOUISIANA REAL ESTATE TRANSACTIONS, § 7:46 (2d ed. 2016), is that provisions of a Purchase Agreement, as a collateral or contemporaneous agreement, that do not vary the terms of the Act of Sale can be presented as evidence of obligations between the parties. Thus, in this case, it was an error of law for the trial court to dismiss Appellants' claims relative to the Purchase Agreement under the guise of the Act of Sale being the "final expression of the parties' intent." The trial court must adjudicate those claims alleged to arise from the collateral or contemporaneous Purchase Agreement as long as those claims do not vary the terms of the Act of Sale. Accordingly, we reverse the trial court's granting of Appellees' Motion for Partial Summary Judgment.

4

**ASSIGNMENT OF ERROR NUMBER TWO**:

In their second assignment of error, Appellants assert that the trial court erred in failing to defer ruling on the Defendants' Motion for Partial Summary Judgment until adequate discovery was completed. Our finding in Assignment of Error Number One pretermits this assignment of error.

**CONCLUSION:**

GBB Properties Two, LLC and DBR Properties, LLC assert two assignments of error. We find merit to the first that the trial court erred in granting Ambassador Infrastructure, LLC, Four Magnolias, LLC, and Ambassador Town Center JV's Motion for Partial Summary Judgment. This finding pretermits the second assigned error. Costs of these proceedings are assessed to Ambassador Infrastructure, LLC, Four Magnolias, LLC, and Ambassador Town Center JV.

**REVERSED AND REMANDED.**