# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-109

DOANIE PERRY AND COBY PERRY

VERSUS

HAROLD GLEN RHODES AND

MAURINE STELLY RHODES

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2018-1756
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Van H. Kyzar, Judges.

**AFFIRMED.**

**David B. McCain**
**Jennifer M. Swann**
**McCain & Swann, L.L.C.**
**3422 Common St.**
**Lake Charles, LA 70607**
**(337) 439-4571**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Harold Glen Rhodes**
    **Maurine Stelly Rhodes**

**Timothy O'Dowd**
**Jared W. Shumaker**
**O'Dowd Law Firm, LLC**
**924 Hodges Street**
**Lake Charles, LA 70601**
**(337) 310-2304**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Doanie Perry**
    **Coby Perry**

**SAUNDERS, Judge.**

This case involves an appeal from a granted motion for partial summary judgment enjoining landowners from using their property for agricultural purposes based on a restrictive covenant dictating that the property be used for single-family residential purposes only. The landowners contend that their agricultural use of the property began more than two years prior to the filing of the plaintiff's petition. Thus, the landowners argue that the petition was prescribed per La.Civ.Code art. 781.

The trial court granted the motion for partial summary judgment thereby granting the injunction to stop the landowners' agricultural use of the property. Before us is the landowners' suspensive appeal.

**FACTS AND PROCEDURAL HISTORY:**

The material facts in this case are not in dispute. Dr. Harold Rhodes and Maurine Rhodes (the Rhodes) purchased a tract of land from Bayou Oaks Country Club, Inc. in Sulphur, Louisiana, on May 16, 2013. The tract of land was purchased subject to a restrictive covenant that the property be used "for single-family residential purposes only."

From May 16, 2013, to April 26, 2016, the Rhodes baled hay on the property on five separate occasions. Further, the Rhodes sought and were granted agricultural use classification of the property by the Calcasieu Parish Tax Assessor in 2014. Finally, in May of 2016, the Rhodes began to erect a fence on the property and, thereafter, placed livestock on the property to graze.

On April 26, 2018, Doanie and Coby Perry (the Perrys) filed a petition for injunction against the Rhodes seeking prohibition of their continued violation of the restrictive covenant and correction of all present violations of the restrictive covenant. In their petition, the Perrys asserted that the violative activities by the Rhodes commenced less than two years prior.

On June 6, 2018, the Rhodes answered the Perrys' petition and filed an exception of prescription requesting the petition be dismissed. Thereafter, on June 19, 2019, the Perrys filed a motion for partial summary judgment seeking declaration that the Rhodes violated the restrictive covenant in place on the property, that the Rhodes cease and desist all activities that are inconsistent with single family residential purposes, and that the Rhodes be assessed costs of the proceedings.

A hearing on the Perrys' motion was held on October 7, 2019, where the Rhodes submitted evidence of their activities on the property. Thereafter, on December 2, 2019, the trial court granted the Perrys' motion for partial summary judgment. The Rhodes filed a suspensive appeal on December 6, 2019. That appeal is now before this court wherein the Rhodes assert two assignments of error.

**ASSIGNMENTS OF ERROR:**

1. The Trial Court misapplied [La.Civ.Code art.] 781, which holds that no action for an *injunction* or for *damages* may be brought after two years from the commencement of a noticeable violation.

2. The Trial Court erred by failing to acknowledge that the fertilizing, growing, harvesting[,] drying[,] and baling of hay undertaken by the Rhodes five times between May 16, 2013[,] and April 26, 2016[,] were a series of extensive, clearly recognizable agricultural operations and[,] therefore[,] noticeable violations of the restrictive covenant requiring that the property be used "for single-family residential purposes only."

**ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO:**

In their first assignment of error, the Rhodes argue that the trial court misapplied La.Civ.Code art. 781, which provides that no action for an injunction or for damages may be brought after two years from the commencement of a noticeable violation. In their second assigned error, the Rhodes argue that the trial court erred in failing to acknowledge that baling hay five different times between May 16, 2013, and April 26, 2016, was a series of noticeable violations of the restrictive covenant requiring that the property be used "for single-family residential purposes only." As

2

such, according to the Rhodes, the Perrys' action against them, filed April 26, 2018, was prescribed under La.Civ.Code art.781's two-year prescriptive period.

Both assignments of error are merely arguments that the trial court improperly granted the Perrys a partial summary judgment and subjected to the same standard of review. Therefore, we will address these assignments under one heading.

> A summary judgment is reviewed using the de novo standard of review by focusing on the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. As such, we are tasked to make a determination whether the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.
>
> In adjudicating a motion for summary judgment, a court cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Moreover, although summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor.

*GBB Properties Two, LLC v. Stirling Properties, LLC*, 18-158, pp. 2-3 (La.App. 3 Cir. 10/24/18), 259 So.3d 500, 502 (citations omitted), *writ denied*, 18-890 (La. 2/11/19), 263 So.3d 895.

The first argument made by the Rhodes asserting that the trial court improperly utilized a subjective standard present in La.Civ.Code art. 782 rather than the "simple test" of La.Civ.Code art. 781 need not be addressed by this court. The de novo standard of review dictates that this court give no weight to the trial court's judgment. Therefore, our view of whether the trial court correctly applied the law is not relevant. Rather, this court ascertains, for itself, the correct criteria applicable to whether summary judgment is appropriate in the case before us.

Louisiana Civil Code Article 781 states (emphasis added):

> No action for injunction or for damages on account of the violation of a building restriction may be brought after two years from the commencement of a *noticeable violation*. After the lapse of this

period, the immovable on which the violation occurred is freed of the restriction that has been violated.

We note that there are no material facts in dispute in this matter. The dispositive issue is whether those agreed upon material facts triggered La.Civ.Code art. 781's prescriptive period two years prior to April 26, 2018, the date the Perrys filed their petition.

Louisiana Code of Civil Procedure Article 927(A)(1) provides for the objection of prescription by peremptory exception. The exceptor bears the burden of proof on such an exception unless the action is prescribed on its face. *Rizer v. American Sur. & Fid. Ins. Co.*, 95-1200 (La.3/8/96), 669 So.2d 387.

Here, the action is not prescribed on its face. The Perrys petition was filed on April 26, 2018, and the complained of "noticeable violation" by the Rhodes commenced in May of 2016. Therefore, the burden of proof for the exception of prescription is on the Rhodes. To prevail, they must show that their use of the land prior to April 26, 2016, constituted a "noticeable violation" of the restriction to use their property "for single-family residential purposes only."

The Rhodes argue that they have carried that burden by providing uncontested evidence that they baled hay five times between May 16, 2013, and April 26, 2016. We find that argument is without merit.

First, we find that baling hay on unfenced property, by itself, does not necessarily constitute a violation of the restrictive covenant that the property be used "for single-family residential purposes only." A reasonable person is just as likely to attribute the isolated activity of hay baling to grass maintenance as he or she is to attribute it to an overt commencement of agricultural operations in noticeable violation of the restrictive covenant.

4

Moreover, in looking at the record, hay was baled on the property five times in a span nearly three years. One instance of baling hay requires implements to be on the property for brief periods, assuming weather cooperation, and involves cutting the grass, fluffing the cut hay to facilitate drying, raking the hay to prepare for baling, baling the hay, then storing it or transporting it off the land. Thus, the alleged "noticeable violation" of having implements to bale hay on the property occurred approximately twenty-five out of 1,077 days between May 16, 2013, and April 26, 2016, or roughly 2.3% of the time. We find that this frequency is insufficient to alert a reasonable person that a restriction requiring that the property be used "for single-family residential purposes only" is being noticeably violated.

Further, the violation of baling hay was only noticeable for each brief period of hay baling followed by extensive periods where the landowners used the property as it had before, i.e., allowing the grass to grow. There was no constant reminder or noticeability of the violation's transpiration. After these brief periods, the noticeability of the single, particular hay baling violation ceased, and La.Civ.Code art. 781 was no longer applicable as the previous violation was no longer "noticeable."

This contrasts with the "noticeable violation" that caused the Perrys to bring this action: the Rhodes fencing in the property to create pastures and populating those pastures with grazing livestock and/or animals traditionally associated with farming or ranching. That violation remains noticeable at its outset and for the duration of its existence, unlike five isolated instances of baling wherein the bales are removed or stored elsewhere. While the facts establish that some of the bales remained for longer periods of times than others, the facts also dictate that, prior to May of 2016, all hay bales were eventually removed or stored elsewhere, and generally closely in time to their creation.

5

Accordingly, given the undisputed facts of the case, and the conclusions we reach above, we find that the Rhodes' failed to carry their burden to prove prescription under La.Civ.Code art. 781. Additionally, we find no error by the trial court in granting the Perrys' motion for partial summary judgment in this matter.

**CONCLUSION:**

Harold and Maurine Rhodes raise two assignments of error in this matter against Doanie and Coby Perry. We find no error by the trial court in granting Doanie and Coby Perry's motion for partial summary judgment finding Harold and Maurine Rhodes in violation of a restrictive covenant on their land, ordering Harold and Maurine Rhodes to remove all livestock, including horses and cattle, from their land, and enjoining Harold and Maurine Rhodes from raising livestock on their land. Costs of this appeal are assessed to Harold and Maurine Rhodes.

**AFFIRMED.**