# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 20-527

**BILLY JEAL MITCHELL, JR.**

**VERSUS**

**RANDY TERRY, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 88,875 A
HONORABLE DESIREE DYESS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHARON DARVILLE WILSON**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John E. Conery, Van H. Kyzar, and Sharon Darville Wilson, Judges.

**AFFIRMED.**

**Lisa V. Johnson**
**Corkern, Crews & Guillet**
**P. O. Box 1036**
**Natchitoches, LA 71458-1036**
**(318) 352-2302**
**COUNSEL FOR DEFENDANTS APPELLEES:**
    **Ben D. Johnson, LLC**
    **Clara Prymus**

**Monique H. Fields**
**Attorney at Law**
**P. O. Box 96**
**Baker, LA 70704**
**(225) 775-1677**
**COUNSEL FOR PLAINTIFF APPELLANT:**
    **Billy Jeal Mitchell, Jr.**

**WILSON, Judge.**

Plaintiff, Billy Jeal Mitchell, Jr., brought this action seeking recovery for damages suffered after being shot while on premises owned by Ben D. Johnson, LLC, and Claire Prymus (collectively "Defendants"). The trial court granted summary judgment in favor of Defendants, finding that there had been ample time to conduct discovery and Mr. Mitchell did not present any evidence that there existed any genuine issues of material fact. Mr. Mitchell appeals. For the following reasons, we affirm the trial court's grant of summary judgment.

I.

**ISSUES**

We must decide:

(1) whether the trial court abused its discretion in denying Mr. Mitchell's motion for continuance;

(2) whether the trial court erred in granting the motion for summary judgment with insufficient evidence; and

(3) whether the trial court erred in finding there had been an adequate opportunity for discover before granting the motion for summary judgment.

II.

**FACTS AND PROCEDURAL HISTORY**

On December 1, 2013, Ben D. Johnson, LLC entered into a lease agreement with Justin Terry for the lease of a portion of a building located at 446 Martin Luther King Drive in Natchitoches, LA. On October 16, 2015, Mr. Mitchell was a patron at a business known as Sally's, which operated as a car wash

located on the premises. At approximately 3:12 p.m., Mr. Mitchell was shot without provocation by an unlocated individual and suffered injuries. On October 18, 2016, Mr. Mitchell filed suit naming as defendants, Randy Terry, Claire Prymus, Ben D. Johnson, LLC, ABC Insurance Company, and XYZ Insurance Company as the alleged owners/operators of Sally's and their insurers.

The petition asserted that Mr. Mitchell's injuries were the direct result of defendants' negligence and failure to:

A. Provide adequate warning of criminal activity in the near vicinity of the property that has occurred that defendant[s] knew or should have known to visitors to enable visitors, petitioner in particular, to avoid the harm or otherwise to protect them against it;

B. Provide security to protect petitioner from assaults by third person[;]

C. Exercise reasonable care to protect the petitioner from injury when the defendants knew or should have known and failed to take adequate and timely action to prevent the same;

D. Cure a dangerous condition about which it knew or should have known

E. Provide security cameras and/or signs indicating video surveillance.

The petition was amended on March 14, 2018 and again on November 2, 2018, to add Justin Terry as a defendant, and to add additional claims against the named defendants.

Defendants filed exceptions to Mr. Mitchell's original and amended petitions. After multiple continuances, the exceptions were heard on March 26, 2019. The trial court denied the exceptions and the judgment was signed April 10, 2019. On August 15, 2019, the parties held a 10.1 conference, and on August 30, 2019, Defendants sent responses to interrogatories and requests for production of

2

documents propounded by Mr. Mitchell in April 2018. On the same date, they filed a motion for summary judgment. Due to funding issues with the clerk of court, Mr. Mitchell was not served with the motion for summary judgment until October 9, 2019. The hearing on the motion was set for October 30, 2019. After discussion with counsel for Mr. Mitchell, Defendants indicated they would agree to a very short continuance if reset for one of two dates given by the trial court. These dates were rejected by Mr. Mitchell.

On October 17, 2019, two days after the deadline for Mr. Mitchell to file his opposition to the motion for summary judgment, Mr. Mitchell filed a motion for continuance. Mr. Mitchell argued that he had not been timely served with notice of the hearing date on the motion for summary judgment and needed time to conduct adequate discovery in order to oppose Defendants' motion. A hearing was held on the motion for continuance on October 28, 2019. The trial court denied the motion and a judgment on the ruling was signed on December 13, 2019. Mr. Mitchell then filed a writ with the Louisiana Third Circuit Court of Appeal on the denial of the motion for continuance, and the hearing for the motion for summary judgment was stayed. The writ was denied as untimely on January 28, 2020.

The hearing on the motion for summary judgment was reset for May 14, 2020. Mr. Mitchell filed his opposition to the motion for summary judgment on April 29, 2020 and Defendants filed a motion to strike plaintiff's opposition and an alternative reply memorandum. At the hearing on May 14, 2020, the trial court denied the motion to strike and allowed consideration of Mr. Mitchell's opposition. After argument and reviewing the evidence, the trial court granted the motion for summary judgment finding that Defendants properly supported their motion for

3

summary judgment and Mr. Mitchell failed to submit any evidence to raise a genuine issue of material fact. The judgment was signed June 26, 2020 and Mr. Mitchell filed this appeal on June 12, 2020 which was granted on June 17, 2020.

## III.

## <u>STANDARD OF REVIEW</u>

Appellate courts review summary judgments de novo, applying the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). A motion for summary judgment shall only be granted when there are no genuine issues of material fact and the mover is entitled to judgement as a matter of law. La.Code Civ.P. art. 966(A)(3).

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(D)(1).

## IV.

## <u>LAW AND DISCUSSION</u>

## <u>Motion for Continuance</u>

Mr. Mitchell asserts that the trial court erred by denying his motion for continuance prior to the original hearing for summary judgment. Louisiana Code of Civil Procedure Article 966(C)(2) provides that, "[f]or good cause shown, the court may order a continuance of the hearing." Thus, the trial court has been given discretion to grant or deny a continuance and we will not disturb the trial court's ruling absent a showing of abuse of that discretion. *Colomb v. State Farm Ins. Cos.*, 02-1279 (La.App. 3 Cir. 3/5/03), 839 So.2d 1121.

In support of the motion for continuance, Mr. Mitchell contended that the motion be granted because he had not yet completed adequate discovery to respond to the motion. Regarding discovery, the trial court held that there was nothing the court had done which prevented either party from conducting discovery, and there had been an adequate opportunity for discovery in the three years since the suit was filed. If Mr. Mitchell was unsatisfied with Defendants' answers to propounded discovery, he had remedies under the law, such as filing motions to compel, which were not used.

Mr. Mitchell also sought a continuance because he was not timely served notice of the hearing for the motion for summary judgment. As the trial court has noted, the issues of time requirements in this case are "very complicated." Louisiana Code of Civil Procedure Article 966(C)(1) provides that notice of the hearing date for the motion for summary judgment shall be served on all parties not less than thirty days prior to the hearing. The original hearing was set for October 30, 2019, but Mr. Mitchell was not served until October 9, 2019. The trial court acknowledged that due to a delay in the clerk of court's office, Mr. Mitchell was not timely served with notice of the hearing for summary judgment. Louisiana Code of Civil Procedure Article 966(B)(2) provides that any opposition

5

to the motion shall be filed not less than fifteen days prior to the hearing. Mr. Mitchell filed his motion for continuance on October 17, 2019, two days after the deadline to timely file his opposition.

Regarding the untimely service on Mr. Mitchell, the trial court found that Mr. Mitchell had notice of the motion for summary judgment which was mailed and emailed to Mr. Mitchell by Defendants on August 30, 2019. Although La.Code Civ.P.art. 966 mandates, through the use of the word "shall," that service be made no less than thirty days prior to the hearing, the trial court found that Mr. Mitchell could have contacted the court from the time he was served on October 9, 2019 until October 15, 2019, when the opposition was due, in order to ask for additional delays. However, there was no contact until the motion for continuance filed on October 17, 2019, two days after the deadline.

The trial court held that once the deadlines for filing an opposition had passed, they cannot be revived by a motion and order for continuance. *See Newsome v. Homer Mem'l Med. Ctr.*, 10-0564 (La. 4/9/10), 32 So.3d 800 (holding that the trial court abused its discretion in granting the motion for continuance solely to allow plaintiff's expert's affidavit to be filed in compliance with Article 966); *Lewis v. Old Republic Ins. Co.*, 17-456 (La.App. 3 Cir. 8/23/17), 226 So.3d 557 (holding that trial court had no discretion to allow the late filing of an opposition without the agreement of all parties). Thus, the trial court found that there was not good cause shown to grant a continuance. We do not find that the trial court abused its discretion in denying the motion for continuance.

Additionally, given that the hearing for the motion for summary judgment was ultimately delayed until May 14, 2020, and Mr. Mitchell was

allowed to file an opposition before that hearing, we find that any issue with the trial court's denial of the motion for continuance has been rendered moot.

## Sufficiency of Evidence

Mr. Mitchell contends that the trial court erred in granting the motion for summary judgment with insufficient evidence. According to Mr. Mitchell, the only evidence offered by Defendants was an "expired lease agreement" and two "self-serving" affidavits executed by Claire Prymus. Since Defendants would not bear the burden at trial, they were only required to prove the absence of factual support for one or more elements essential to Mr. Mitchell's claim. Mr. Mitchell claims that he suffered injuries due the Defendants' negligence. Under Louisiana's duty-risk analysis for negligence, a plaintiff must prove:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element).

*Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095, p. 7 (La. 3/10/06), 923 So.2d 627, 633. Defendants contend that the necessary elements missing in this case are the existence of a duty, breach of a duty, and causation.

A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty, which is a question of law. *Id*. Mr. Mitchell asserts that Defendants are liable as owner/operators of Sally's, the business he was patronizing when he was shot by a third party. Generally, business owners have no duty to protect others from the criminal acts of third persons. *Pinsonneault v.*

7

*Merchants & Farmers Bank & Tr. Co.*, 01-2217 (La. 4/3/02), 816 So.2d 270. However, they do have a duty to implement reasonable measures to protect their patrons from criminal acts when those acts are foreseeable. *Id.* This duty does not extend to a lessor who "owes no duty to guests or invitees of its lessee, to protect them against misconduct of third persons in the absence of an assumed duty by the owner/lessor to provide security." *Hodge v. Liquid Ventures*, 93-902 (La.App. 3 Cir. 3/2/94), 634 So.2d 1337, 1339.

Defendants allege that they owed no duty to Mr. Mitchell because they are not owners/operators of Sally's but are merely the lessors of the property which has been leased. In support of their motion for summary judgment, Defendants submitted affidavits of Ben D. Johnson, LLC and Claire Prymus. Attached to the affidavit of Ms. Prymus was a written commercial lease agreement between Ben D. Johnson, LLC and Justin Terry. The lease was signed December 2, 2013 with a term of one year. Although the written agreement expired, both affidavits assert that the lease was still in full effect at the time of Mr. Mitchell's shooting.

Louisiana Code of Civil Procedure Article 966(A)(4) provides that "[t]he only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." "If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains." *Jones v. Estate of Santiago*, 03-1424, p. 5 (La. 4/14/04), 870 So.2d 1002, 1006. Based on the affidavits submitted by Defendants, Defendants were merely the lessors of the premises where Mr. Mitchell was shot.

The affidavits assert that Defendants were not owner/operators of the business nor had they ever participated in the day-to-day operations of the business. As such, they have made a prima facie showing that Mr. Mitchell will be unable to prove that they owed a duty and the burden shifts to Mr. Mitchell to provide evidence showing a genuine issue of material fact.

Mr. Mitchell provided no evidence that Defendants were owners/operators of the business as opposed to lessors. He also provided no evidence that Defendants assumed any duty of security. "The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion." *Id.* We find that the evidence submitted reveals that Defendants owed no duty to Mr. Mitchell. As such, Mr. Mitchell can not meet an essential element needed to prove his claim and summary judgment is warranted.

Additionally, even assuming there was a duty owed by Defendants, the record reveals that no evidence of a breach of duty was produced. In their affidavits, Defendants affirm that they were unaware of any criminal activity in the area, that the leased location was in a high crime area, or that criminal activity was foreseeable on the leased premises operating as a carwash. Again, Mr. Mitchell failed to provide any evidence in support of his opposition which would create a genuine issue of material fact as to a breach of duty.

Mr. Mitchell also alleges liability pursuant to Louisiana premises liability law under La.Civ.Code art. 2317.1. In order to prevail on a premises liability claim, Mr. Mitchell had to prove the following:

> (1) that the thing which caused the damage was in the defendant's custody or control, (2) that it had a vice or defect that presented an unreasonable risk of harm, (3) that the defendant knew or should have known of the vice or defect, (4) that the damage could have been

> prevented by the exercise of reasonable care, and (5) that the defendant failed to exercise such reasonable care. If the plaintiff fails to provide proof any one of these elements, his/her claim fails.

*Riggs v. Opelousas Gen. Hosp. Tr. Auth.*, 08-591, p. 4 (La.App. 3 Cir. 11/5/08), 997 So.2d 814, 817. Normally, premises liability refers to ruin, vice or defects in the property such as potholes or defective steps and railings. In this case, Mr. Mitchell did not produce any evidence to suggest that any such defects existed on the property itself. Mr. Mitchell asserts that the defective condition consisted of operating a business in an area that is highly unsafe and allowing the store to remain open during dark hours without proper lighting and security. However, as mentioned, the affidavits of Defendants show that they had no knowledge of any criminal activity in the area or police reports surrounding alleged criminal activity in the area, and Mr. Mitchell failed to provide any evidence the Defendants knew or should have known about this dangerous condition. Moreover, even if failure to close the business at night and provide proper lighting did create a condition of unreasonable risk of harm, this incident happened in broad daylight and was clearly not caused by the alleged condition.

Mr. Mitchell also failed to provide evidence sufficient to impose liability on Claire Prymus individually. Defendants' affidavits show that Ms. Prymus is a member of the LLC. Members of an LLC are insulated from liability for the debts and obligations of the LLC provided by La.R.S. 12:1320(B). However, La.R.S. 12:1320(D) allows for personal liability of a member when there is 1) fraud by the member or 2) a breach of professional duty or other negligent or wrongful act by such person. Mr. Mitchell has not made any allegations of fraud against Ms. Prymus, nor is there any evidence that Ms. Prymus owed any

professional duty or committed any negligent act that would subject her to personal liability.

After reviewing the evidence presented by Defendants, we find that they successfully made a prima facie showing entitling them to a summary judgment. Mr. Mitchell failed to provide any evidence to contradict that of Defendants or create a genuine issue of material fact. Accordingly, we find that there was sufficient evidence to support Defendants' motion and the trial court did not err in granting the motion for summary judgement.

**Adequate Discovery**

On appeal, Mr. Mitchell contends that the trial court erred in granting the motion for summary judgment because there was a lack of adequate discovery. Louisiana Code of Civil Procedure article 966(A)(3) provides that summary judgment shall be granted "[a]fter an *opportunity* for adequate discovery" (emphasis added). Mr. Mitchell claims that adequate discovery had not been completed since they had only sent out their first set of interrogatories and requests for documents, and Defendants' answers were non-responsive. However, the law does not require that there be adequate discovery, rather there must the opportunity for adequate discovery. "There is no absolute right to delay action on a motion for summary judgment until discovery is completed." *Simoneaux v. E.I. du Pont de Nemours & Co., Inc.*, 483 So.2d 908, 912 (La.1986). "The only requirement is that the parties be given a fair opportunity to present their claim. Unless plaintiff shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact." *Id.* at 913. "The abuse of discretion standard is used to determine whether the trial court allowed

11

adequate time for discovery." *Whittington v. QBE Specialty Ins. Co.*, 12-409, p. 8 (La.App. 3 Cir. 11/7/12), 105 So.3d 797, 803, *writ denied*, 12-2646 (La. 1/25/13), 105 So.3d 723.

This suit was filed in 2016. The trial court found that in the four years that have elapsed, both parties had ample opportunity to conduct adequate discovery. We agree. Mr. Mitchell argues that, as professional courtesy, he refrained from compelling Defendants to respond to discovery until after the exceptions were disposed of. Although he agreed to wait to receive answers, nothing prevented Mr. Mitchell from requesting additional discovery while he waited. Moreover, the exceptions were disposed of in April 2019. Mr. Mitchell had over a year to seek additional discovery before the motion for summary judgment was heard. However, Mr. Mitchell never sought any additional discovery.

The only discovery propounded by Mr. Mitchell concerned the banking information of Defendants which Mr. Mitchell alleges would provide evidence that Claire Prymus pierced the corporate veil and can be held personally liable. Defendants sent their answers to this discovery in August 2019 in which they objected to the discovery. Even if Defendants had provided responsive answers to the propounded discovery, it would not have provided any evidence to show that Defendants owed a duty which was breached and caused the incident. Allowing additional time to compel answers would not negate the fact that Defendants are entitled to summary judgment as a matter of law. Accordingly, we find that the trial court did not abuse its discretion in moving forward with the motion for summary judgment.

V.

## **<u>CONCLUSION</u>**

For the foregoing reasons, we find that trial court did not err in granting the motion for summary judgment and the judgment of the trial court is affirmed. Costs of this appeal are assessed to Billy Jeal Mitchell, Jr.

**AFFIRMED.**