NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**21-344**

ROSE PERKINS

VERSUS

JENNINGS AMERICAN LEGION HOSPITAL, ET AL.

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-271-20
HONORABLE C. STEVE GUNNELL, DISTRICT JUDGE

**********

**J. LARRY VIDRINE***
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Chief Judge, Van H. Kyzar, and J. Larry
Vidrine*, Judges.

**AFFIRMED.**

_____

*Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana
Supreme Court as Judge Pro Tempore.

**Jo Ann Nixon**
**129 West Pershing Street**
**New Iberia, La 70560-4494**
**(337) 369-7437**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Rose Perkins**

**Dawn M. Fuqua**
**Gachassin Law Firm**
**P. O. Box 80369**
**Lafayette, LA 70598-0369**
**(337) 235-4576**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
      **Susan Wilhelm, F.N.P.**
      **Eric  Teschke, M.D.**

**VIDRINE, Judge Pro Tempore.**

This medical malpractice case before us was dismissed via summary judgment by the trial court, finding that the plaintiff failed to present any evidence that she could carry the burden to prove essential elements of her claim as required by La.Code Civ.P. art. 966(D)(1). The plaintiff appeals. We affirm.

## FACTS AND PROCEDURAL HISTORY:

On January 2, 2016, Rose Perkins arrived at the emergency department of Jennings American Legion Hospital, complaining of left groin pain that radiated to her lower back. According to Perkins, the pain began after she fell while leaning over to pick up a package from a step.

Perkins was examined in the emergency department by Susan Wilhelm, Family Nurse Practitioner (FNP). Wilhelm noted that Perkins' abdomen was tender towards the sacral area and that Perkins was unable to perform a straight leg raise due to pain. Wilhelm's differential diagnosis included a fractured hip and she ordered x-rays of Perkins' pelvis and knee, which were performed.

The results of the x-rays were interpreted by Dr. Eric Teschke, the emergency room physician. He determined that the x-rays showed no indication of a fracture.

Thereafter, Wilhelm discharged Perkins via wheelchair with a prescription for pain medication. Perkins' records indicated that Wilhelm noted the patient's condition had improved and included instructions to follow up with her primary care physician.

After being discharged, approximately two hours later, Perkins went to Our Lady of Lourdes emergency department complaining of the same pain as she had when she sought medical treatment at Jennings American Legion Hospital. A CT scan of Perkins' pelvis revealed a hip fracture. The orthopedist consulted recommended Perkins be admitted to the hospital, but nothing to be done surgically.

Perkins was prescribed pain medication and physical therapy. Thereafter, on January 4, 2016, Perkins was admitted to Lafayette Physical Rehab Hospital for continued treatment for her injuries, wherein she made progressive improvements and was discharged on January 20, 2016.

On December 12, 2016, Perkins filed a medical review complaint alleging medical malpractice by Dr. Teschke and Susan Wilhelm, FNP (collectively "Defendants") for her treatment at Jennings American Legion Hospital. On February 20, 2020, the medical review panel found that Defendants did not breach the standard of care or cause the damages alleged by Perkins.

On June 18, 2020, Perkins filed suit against Defendants. On December 16, 2020, Defendants filed a motion for summary judgment. In support of their motion, Defendants filed a memorandum with supporting exhibits, including the opinion of the medical review panel. Perkins filed a memorandum in opposition to Defendants' motion with no exhibits or affidavits of any experts. However, Perkins did state in her memorandum that she did not yet possess an affidavit of an expert physician who reviewed her medical records.

On February 22, 2021, Perkins filed the affidavit of Dr. Seth Womack, wherein Dr. Womack opined that Defendants had breached the standard of care in their treatment of Perkins at Jennings American Legion Hospital. On February 23, 2021, the hearing on Defendants' motion for summary judgment was held. At the hearing, Dr. Womack's affidavit was admitted. Thereafter, the trial court denied Defendants' motion. However, prior to rendition and signing of the judgment, the trial court reconsidered the ruling and granted Defendants' motion, finding that Dr. Womack's affidavit did not opine that Defendants' purported breach of the standard of care was the cause of Perkins' alleged injuries.

On March 8, 2021, the trial court signed a judgment granting Defendants' motion for summary judgment dismissing Perkins' claim. Perkins appeals.

## DISCUSSION OF THE MERITS:

Perkins asserts, in her sole issue presented for review, that the trial court erred in granting Defendants' motion for summary judgment. We find no merit to the issue presented for review.

> A summary judgment is reviewed using the de novo standard of review by focusing on the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. As such, we are tasked to make a determination whether the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.
>
> In adjudicating a motion for summary judgment, a court cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Moreover, although summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor.

*GBB Properties Two, LLC v. Stirling Properties, LLC*, 18-158, pp. 2-3 (La.App. 3 Cir. 10/24/18), 259 So.3d 500, 502 (citations omitted), *writ denied*, 18-890 (La. 2/11/19), 263 So.3d 895.

> On motion for summary judgment, the burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. See La. C.C.P. art. 966(D)(1); see also *Schultz v. Guoth*, 2010-0343 (La. 1/19/11), 57 So.3d 1002, 1006.

*Finley v. Lakeland Partners, LLC*, 19-913, p. 8 (La.App. 3 Cir. 6/3/20), 298 So.3d 837, 843 (citing *Larson v. XYZ Ins. Co.*, 16-745 (La. 5/3/17), 226 So.3d 412).

> Pursuant to La.R.S. 9:2794, a plaintiff's burden of proof in a medical malpractice action is three-fold and must be established by a preponderance of the evidence. The plaintiff must prove the applicable

3

standard of care, a breach of the standard of care, and a causal connection between the breach and injury.

*Finley*, 298 So.3d at 843.

In the case before us, the plaintiff, Perkins, opposed Defendants' motion for summary judgment. Perkins has the burden to prove, at trial, the applicable standard of care to Defendants, that Defendants breached that standard of care, and that there is a causal connection between Defendants' breach and her alleged injuries. Therefore, Defendants, as movant, merely had to point out that there was an absence of factual support for one or more elements of Perkins' claim. Defendants pointed out that Perkins could produce no factual support proving a connection between their alleged breach of the standard of care and her alleged injuries. Thereafter, it was incumbent upon Perkins to put forth supporting evidence that she will be able to show a connection between Defendants' alleged breach of the standard of care and her alleged injuries at trial.

Perkins' sole exhibit presented at the hearing on Defendants' motion for summary judgment was the affidavit of Dr. Womack. Dr. Womack opined that the standard of care applicable to an elderly patient, such as Perkins, who presents with continued pain in the pelvic and hip areas despite negative x-ray, is to order a CT scan or MRI of the pelvis in order to catch fractures that x-rays miss. He also opined that Defendants breached that standard of care by not ordering a CT or MRI of Perkins' pelvis. This is evidence that supports Perkins' ability to carry her burden to prove two of the three elements of a medical malpractice claim.

However, Dr. Womack's affidavit does not state what injuries Perkins suffered, if any. Further, as the trial court correctly found, there is nothing in Dr. Womack's affidavit that Defendants' breach is causally connected to Perkins' alleged injuries. Accordingly, we find that Dr. Womack's affidavit does not

4

constitute supporting evidence that Perkins can carry her burden to prove the essential elements of her claim, that she suffered any injury by delaying her diagnosis by two hours or that a connection exists between Defendants' alleged breach of the standard of care and her alleged injuries.

Perkins argues, in brief, that the trial court erred when it failed to allow her time to develop evidence of her damages by denying her motion for continuance. We find no merit to this argument.

Louisiana Code of Civil Procedure Article 966(C)(2) states, "[f]or good cause shown, the court may order a continuance of the hearing." Thus, a trial court has discretion regarding motions for continuance and, as such, appellate courts review whether the trial court abused that discretion. *Colomb v. State Farm Ins. Cos.*, 02-1279 (La.App. 3 Cir. 3/5/03), 839 So.2d 1121.

Here, Perkins contends that summary judgment was premature because adequate discovery had yet to be conducted. Perkins cites *Broussard v. Winters*, 13-300, (La.App. 3 Cir. 10/9/13), 123 So.3d 902, in support of her argument. We find *Broussard* clearly distinguishable from the case before us. Here, Perkins had over four years since the date of the accident to discover evidence of a causal connection between her alleged injuries and Defendants' alleged breach of the applicable standard of care via expert opinion or otherwise. In *Broussard*, the party seeking dismissal via summary judgment was added as a defendant approximately one year prior to its request that the trial court rule on its motion. Further, the party seeking dismissal in *Broussard* had a pending motion to compel discovery against it. Thus, the lack of sufficient evidence in *Broussard* is not attributable to the plaintiff. Rather, it is attributable to the party seeking dismissal's failure to answer discovery. Contrarily, here, according to Perkins, she could have produced evidence of her

5

injury via her deposition. Perkins' inability to be deposed while the matter was pending for over four years is attributable to Perkins, herself.

Accordingly, we find no abuse of discretion by the trial court in denying Perkins' motion for continuance. We also find no merit to Perkins' assertion that the trial court erred in granting Defendants' motion for summary judgment.

## CONCLUSION:

Rose Perkins alleges that the trial court erred in granting Susan Wilhelm and Dr. Eric Teschke's motion for summary judgment, dismissing her medical malpractice claim. We find no merit to Perkins' issue presented for review nor any abuse of discretion by the trial court in denying Perkins' motion for continuance. As such, we affirm the trial court's judgment. We assess all costs of this appeal to Rose Perkins.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.

Uniform Rules– Courts of Appeal, Rule 2–16.3.